Giovanni Zolezzi, Respondent, *v.* Ruth A. Bruce-Brown et al., Appellants.

*Nuisance — real property — landlord and tenant — New York city — ordinance of city of New York authorizing placing of signs on buildings does not impose upon owner duty to see that sign erected by tenant is securely fastened — duty of owner to repair walls of building does not require inspection of manner in which sign in control of tenant is attached to a wall — liability of owner to one injured by fall of sign not predicated upon lease of entire building to third party while sign placed upon its front by a tenant of a part constituted a nuisance.*

1. An ordinance of the city of New York providing that " signs may be placed on the fronts of buildings with the consent of the owner thereof. They must be securely fastened," does not expressly or by fair implication impose upon an owner, who has consented to the erection of a sign by a tenant, the duty to see that the sign is securely erected or carefully maintained.

2. Nor may liability of the owner for injury to plaintiff from the fall of a sign, erected and maintained by her tenant, be predicated upon the fact that she retained some control of the outer walls for the purpose of making repairs, where the fall was occasioned by the negligent erection or maintenance of the sign and not from failure to keep the walls in repair. The duty to repair the walls of a building, of which the landlord maintains control, does not include the duty to inspect the manner in which a sign in the exclusive control of a tenant is attached to a wall.

3. The fact that, while the lease of a portion of the building to the tenant who erected the sign was in existence, the owner leased the entire building to a third party, does not render her liable upon the theory that while the sign upon its front constituted a nuisance she parted with control under circumstances from which an inference might be drawn that she authorized its continuance or profited thereby. The owner was never in control of the nuisance and had neither actual nor constructive knowledge that it was such. No greater duty of care may be imposed upon a landlord who is about to part with his reversion than he was under while privity of estate with the tenant continued. A landlord who parts only with a right to future control of a nuisance for which he is then not responsible, and

of which he is not informed, commits no wrong to the public, and from his act no inference can arise that he either authorized its continuance or intended to profit thereby. If thereafter those in actual control of the nuisance choose to continue it, he has not by wrongful act or intendment contributed to their wrong, and may not be held for damages to others caused thereby.

*Zolezzi* v. *Kroll & Horowitz Furniture Co.*, 216 App. Div. 719, modified.

(Argued October 1, 1926; decided November 16, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 2, 1926, affirming a judgment in favor of plaintiff entered upon a verdict.

*Edward P. Mowton, Leonard J. Obermeier* and *Alvin S. Rosenson* for Ruth A. Bruce-Brown, appellant. The defendant owner, having leased the entire premises, was not in possession or control at the time of the injury and was not liable for the negligence of the tenant, nor for a nuisance created or permitted by the tenant. (*Metzroth* v. *City of New York*, 241 N. Y. 470; *Ahern* v. *Steele*, 115 N. Y. 203; *Uggla* v. *Brokaw*, 117 App. Div. 586; *Clancy* v. *Byrne*, 56 N. Y. 129; *Jennings* v. *Van Schaick*, 108 N. Y. 530; *Anderson* v. *Caulfield*, 60 App. Div. 560; *Trustees of Canandaigua* v. *Foster*, 156 N. Y. 354; *Conhocton Stone Road* v. *Buffalo, etc., R. R. Co.*, 51 N. Y. 573.) The sign was personal property and never became a part of the premises which were leased. The demised premises were not a nuisance. (*Bedlow* v. *New York Floating Dock Co.*, 112 N. Y. 263; *Stahl & Jaeger* v. *Statenstein*, 233 N. Y. 196; *Baldwin* v. *Morgan*, 43 Hun, 355.)

*S. M. Ress, Samuel Greenbaum, Clayton J. Heermance* and *Jonas J. Shapiro* for Kroll & Horowitz Furniture Company, appellant. There is no proof either that the defect in the sign which was the proximate cause of its fall existed at the time the defendant general lessee

renewed the subordinate lease; or that the sign was defective in any respect at that time. (*Ahern* v. *Steele,* 115 N. Y. 203; *Uggla* v. *Brokaw,* 117 App. Div. 586; *MacRae* v. *Chelsea Fibre Mills,* 145 App. Div. 588; *Schumer* v. *Caplin,* 241 N. Y. 346; *Walls* v. *Bailey,* 49 N. Y. 464; *Odell* v. *Solomon,* 99 N. Y. 635; *Clancy* v. *Byrne,* 56 N. Y. 129; *Simon* v. *Etgen,* 213 N. Y. 589; *Taylor* v. *Higgs,* 202 N. Y. 65.) Even assuming that there was some evidence that the sign was a nuisance prior to the time that the defendant general lessee took a lease of the entire premises from the owner, it is not liable because there is no proof that it had any knowledge of the nuisance at the time it relet, nor were any facts shown from which such notice might have been implied. (*Newburger* v. *American Surety Co.,* 242 N. Y. 134.)

*Herbert Northrup Warbasse* and *George W. Matheson* for respondent. The owner is liable because she permitted a public nuisance to be maintained on the premises in question; and after the creation of the public nuisance, she relet the premises without abating the nuisance. (*Bohan* v. *Port Jervis Gas Light Co.,* 122 N. Y. 32; *Melker* v. *City of New York,* 190 N. Y. 481; *People* v. *131 Boerum Street Co.,* 233 N. Y. 268; *Village of Carthage* v. *Frederick,* 122 N. Y. 268; *Crayton.* v. *Larabee,* 220 N. Y. 493; *Hart* v. *City Theaters Co.,* 215 N. Y. 322; *Cohen* v. *Mayor, etc., of N. Y.,* 113. N. Y. 532; *Ackerman* v. *True,* 175 N. Y. 353; *Acme Realty Co.* v. *Schinasi,* 215 N. Y. 495; *Matter of McCoy* v. *Apgar,* 241 N. Y. 71.) Even though the sign in question was personal property of the tenant, the owner is not exempted thereby from liability. (*Hungerford* v. *Bent,* 55 Hun, 6; 130 N. Y. 653; *Woodman* v. *Sheppard,* 238 Mass. 196.) There was ample evidence to sustain. a finding that the sign in question was a nuisance from the date of its erection to the date

of the accident. (*McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *San Filippo* v. *Am. Bill Post. Co.*, 112 App. Div. 395; 188 N. Y. 514; *Dougherty* v. *Milliken*, 163 N. Y. 527; *Jenks* v. *Thompson*, 179 N. Y. 20; *Kent* v. *Erie R. R. Co.*, 217 N. Y. 349; *Bennett* v. *L. I. R. R. Co.*, 163 N. Y. 1; *Shanahan* v. *E. M. P. E. Co.*, 204 N. Y. 543; *Webster* v. *L. & P. Co.*, 158 App. Div. 214; *White* v. *Ken. Pub. Elev. Co.*, 186 Ky. 91; *Thompson* v. *DeLong*, 110 Atl. Rep. 251.) The lessee of the building is liable because it renewed the lease of a part thereof when a public nuisance existed on the premises and reserved to itself control over signs to be erected on the walls of the building. (*Ahern* v. *Steele*, 115 N. Y. 231; 16 Ruling Case Law, 1079; *Clancy* v. *Byrne*, 56 N. Y. 129; *Dalay* v. *Savage*, 145 Mass. 38; *Hungerford* v. *Bent*, 55 Hun, 3; 130 N. Y. 653; *Timlin* v. *Standard Oil Co.*, 126 N. Y. 514; *Matthews* v. *De Groff*, 13 App. Div. 356; *McNulty* v. *Ludwig & Co.*, 153 App. Div. 206.)

LEHMAN, J. On October 26th, 1922, the plaintiff was injured by the fall of a sign which had been attached to a building owned by the defendant Ruth A. Bruce-Brown. In October, 1916, six years before the accident, Mrs. Bruce-Brown had leased to Harry McCanliss " the third loft, being the fourth story," of the building for a period of five years commencing February 1st, 1917. After McCanliss entered into possession of the loft, he placed on its exterior wall the sign which fell down and injured the plaintiff several months after the lease from Mrs. Bruce-Brown to McCanliss had expired. On December 19th, 1921, while the sign erected by McCanliss was still in position and the term of the lease to him had not entirely expired, Mrs. Bruce-Brown leased the entire building to Kroll & Horowitz Furniture Co., Inc., for a term of years. Thereupon Kroll & Horowitz Furniture Company subleased to Harry McCanliss the premises which he was

then occupying for the term of one year, beginning February 1st, 1922, the date when his earlier lease expired. The accident occurred during the new term. The plaintiff has obtained a judgment entered upon the verdict of a jury for damages against the tenant McCanliss who erected the sign, against Kroll & Horowitz Furniture Company which at the time of the accident was the immediate landlord of McCanliss, and against Mrs. Bruce-Brown who owns the building.

The theory upon which the case was submitted to the jury is that the evidence is sufficient to sustain findings that the sign was negligently erected and maintained by the defendant McCanliss; that the sign so erected created a danger to pedestrians and constituted a nuisance, and that the other defendants by act or omission on their part have become liable for the continued maintenance of the nuisance, though at the time of the accident Mrs. Bruce-Brown, at least, had no control thereof.

We assume that the defendant McCanliss negligently erected the sign. He has not appealed. The Appellate Division has unanimously affirmed the judgment against Kroll & Horowitz Furniture Company. We may not review the evidence to determine whether it is as a matter of law sufficient to sustain the finding of the jury that that defendant has joined in the maintenance of a nuisance, and no exception to the admission or exclusion of evidence or to the charge raises other questions of law as to the correctness of the theory upon which the case was tried or was submitted to the jury, or the judgment was affirmed. The judgment as to it must, therefore, be affirmed. Our review upon the appeal of Mrs. Bruce-Brown is not so limited.

The defendant Bruce-Brown had leased the loft to McCanliss when the sign was erected. While that lease was in existence she leased the entire building, including the loft, to another party. She was not in possession of the loft, and had no control over it, either at the time when

the sign was erected, at the time she made the lease to Kroll & Horowitz Furniture Co., Inc., or at the time when it fell. She did not erect the sign. Liability, if any, must, therefore, be predicated upon wrongful act or neglect as owner of the building while she was landlord of McCanliss.

At the time the lease was made to McCanliss, there was no nuisance on the leased premises. While the lease does not expressly include the exterior wall of the fourth story of the building or the right to place a sign thereon, there can be no doubt that the tenant obtained some right or interest in the exterior of the walls which form the inclosure of his loft. " Some cases hold that the outer face of the wall is equally with the inner face a part of the premises demised " (citing cases). (*Stahl & Jaeger v. Satenstein*, 233 N. Y. 196.) If there be doubt as to whether the lease included the outer surface of the wall, that doubt was settled by the practical construction placed by the parties upon their contract. As between themselves, it is clear that the lease to the tenant included the right to erect signs upon the outer face of the walls inclosing his loft.

The tenant's right to erect signs which has been granted to him by the landlord is, of course, subject to regulation by appropriate public authorities. Chapter 23, article 16, section 210 of the Code of Ordinances provides such regulation, and to that extent limits the rights of the tenant. It states that " signs   *   *   *   may be placed on the fronts of buildings with the consent of the owner thereof. They shall be securely fastened," etc. It is said that under this section a duty is placed upon the owner, though he has leased the premises, to see that the signs are in fact securely fastened before he gives his consent, and to see that they are carefully maintained thereafter. We do not so construe its terms. If the city attempted to confer the right upon a stranger to erect a sign on the front of a building without consent or

authority of the owner, it would to that extent deprive the owner of his property. The ordinance in question confers no new right to erect a sign. In its first sentence it merely confirms and safeguards the right, which would exist even in the absence of statute or ordinance, to erect a sign upon a building *with* the consent of the owner. Without consent, erection of any sign would be unlawful. The ordinance constitutes exercise by the municipal authority of the power to regulate the erection of signs which would otherwise be lawful. It applies to a person who erects a sign with the owner's consent; it does not expressly or by fair implication impose upon the owner the duty to see that the sign is securely erected or carefully maintained after the consent is given. An owner may lawfully part with control of his property which at that time constitutes no danger to others. The ordinance does not compel him to maintain limited control for the purpose of seeing that no nuisance is thereafter placed upon it. The erection of a sign constitutes no nuisance in itself, and consent to its erection is no authorization to do such act in wrongful manner. The ordinance recognizes the owner's right to give or withhold consent, and imposes no new duties upon him when he exercises that right. There can be no presumption that under a consent to do an act which is lawful in itself, a tenant will act unlawfully, and the ordinance does not require a consenting owner who has leased all or part of a building to guard against abuse of his consent by a tenant who attaches a sign to the front wall of the loft leased to him. In the present case the sign was erected by the tenant, and was maintained by the tenant. If the tenant acted wrongfully after he received the owner's consent, the mere fact that the owner gave such consent did not make her a party to that wrong.

Is there evidence that in other respects the defendant owner either took part in the wrong of the tenant or was guilty herself of some dereliction? If the defendant

owner was under some duty to inspect the manner in which the sign was placed upon the building as part of a general duty to keep the building in repair and to exercise care that it should not become a menace to those using the street on which the building abuts, and to remedy defects disclosed by such inspection, then the evidence is sufficient to permit a finding that the owner failed to comply with such duty. The duty to keep a building or part of it in repair is coextensive with the control retained by the landlord. (*Jennings* v. *Van Schaick*, 108 N. Y. 530.) Here the landlord leased separate lofts on floors in the building, retaining some control of the outer walls for the purpose of making repairs; but the sign in question fell, not because the wall was not kept in repair, but because the sign itself was negligently erected or maintained. The tenant, as we have pointed out, alone erected and alone maintained the sign, and the landlord was guilty of no breach of duty to the public in giving the tenant exclusive control of the sign. We have found no case where the duty to repair the walls of a building of which the landlord maintains control includes the duty to inspect the manner in which a sign in the exclusive control of the tenant is attached to the wall. In all cases where the landlord has been held liable for the result of negligent acts of the tenant, the landlord actually participated in some way in such negligence or by his own negligence contributed to the result. Since the plaintiff's injuries were not in any way caused by any defective condition of the wall itself, or by any act of the owner, or by any agency controlled, directed or set in motion by her, it seems impossible to predicate liability on her part for such injuries merely upon the fact that as the owner she was under a duty to maintain the wall itself in proper condition.

There remains only the question of whether the owner became liable for the continued maintenance of the nuisance placed upon her premises by the tenant, because she leased the entire building to Kroll & Horowitz Furniture Co., Inc., while the sign upon its front constituted a

nuisance. Undoubtedly a person who has been in possession and control of premises on which a nuisance exists, and then leases or in other manner parts with control of the premises under circumstances from which inference may be drawn that he authorized its continuance or profited therefrom, may be held liable for any damages suffered by reason of the continuance of the nuisance thereafter. (*Timlin* v. *Standard Oil Co.*, 126 N. Y. 514; *Wilks* v. *New York Telephone Co.*, 243 N. Y. 351.) Here the owner was never in control of the nuisance and had merely a reversion in the loft in front of which the sign was placed. She had no actual knowledge that it was a nuisance, and no constructive knowledge, unless by reason of the long continuance of the dangerous condition she should, in the exercise of reasonable care, have discovered it. We have stated above our reasons for holding that while the owner was the landlord of the tenant who erected the sign, she was under no affirmative duty to inspect the manner in which the tenant placed the sign upon the front or maintained it thereafter. She was not then in control of the sign, and when she leased the entire building subject to the leases then in existence she parted with no present control of the sign, and did not voluntarily deprive herself of the power to abate a nuisance thereafter for she did not erect or maintain the nuisance, and so far as the evidence shows had not discovered its existence. Logically no greater duty of care may be imposed upon a landlord who is about to part with his reversion than he was under while privity of estate with the tenant continued. A landlord who parts only with a right to future control of a nuisance for which he is then not responsible, and of which he is not informed, commits no wrong to the public, and from his act no inference can arise that he either authorized its continuance or intended to profit thereby. If thereafter those in actual control of the nuisance choose to continue it, he has not by wrongful act or intendment contributed

to their wrong, and may not be held for damages to others caused thereby. The judgment against the defendant Kroll & Horowitz Furniture Co., Inc., should be affirmed, with costs, and the judgment against the defendant Ruth A. Bruce-Brown should be reversed and the complaint against her dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., dissents as to defendant Ruth A. Bruce-Brown and votes for affirmance.

Judgment accordingly.