MARGUERITE ROHLFS et al., Respondents, *v.* LOUIS WEIL, Defendant, and STRAUSS & Co., INC., et al., Appellants.

(Argued June 1, 1936; decided July 8, 1936.)

*John V. Downey, James B. M. McNally* and *Francis J. MacIntyre* for Strauss & Co., Inc., appellant. ██

*Bertrand L. Pettigrew* and *William Felstiner* for Gotham Silk Hosiery Co., Inc., appellant.

*Edward Ward McMahon* and *John F. Kiernan* for respondents.

O'BRIEN, J.   While plaintiff Marguerite Rohlfs was descending a stairway which connects the surface of the street with the subway railroad station at Broadway and Thirty-fourth street in New York, one end of a scaffold which was insecurely suspended from the adjoining building above the highway gave way and a painter at work on the scaffold fell and his body struck and seriously injured plaintiff.   No barricades or danger signals were posted on the sidewalk or elsewhere to warn pedestrians of the presence of this scaffold suspended over them.

The entire building was leased from the owner by appellant Gotham Silk Hosiery Co., Inc.   Five large signboards were affixed to the sides and on the roof.   Two of them were leased from the Gotham Company to appellant Strauss & Co. which was engaged in the sign advertising business.   The painter, who fell when the scaffold collapsed and whose body injured plaintiff, was employed by defendant Weil who had a contract with Strauss & Co. for painting advertisements on some of these signboards.   At Trial Term the complaint was dismissed as against these two appellants but the case was sent to the jury as to defendant Weil.   It found for plaintiff as against Weil and he has not appealed.   The judgment in favor of appellants Strauss & Co. and Gotham Company has been reversed on the law and a new trial granted.   These two appellants have stipulated for judgment absolute in the event of affirmance.

·The questions to be decided are whether the erection of the scaffold above the sidewalk without the presence of any warning may be held to be a nuisance in fact and in such an event whether either or both these appellants are liable as parties who suffered its creation.

Without going so far as to decide that this scaffold constituted a nuisance as matter of law, we hold that, in view of the conditions at this locality, at least an issue was presented to the jury whether it constituted a nuisance in fact. On the trial of this action as against defendant Weil the court correctly charged that the consequences were apparent if any portion of this scaffold should fall. The evidence is that the rope supporting the scaffold was not properly hitched and that " a considerable number of the men don't know how to make the proper hitch, sheer luck keeps them up." Courts take judicial notice of the fact within common knowledge that work performed on scaffoldings on the outside of buildings abutting on highways is attended with danger to those using the sidewalk and that reasonable measures, such as barriers or warning notices, to prevent such danger must be employed. (*Doll & Sons, Inc.*, v. *Ribetti*, 203 Fed. Rep. 593, 598, 599.) The same doctrine is strongly intimated in *Hexamer* v. *Webb* (101 N. Y. 377, 385, 386).

Assuming that Weil was an independent contractor rather than an employee of Strauss & Co., this appellant cannot escape liability. It set in operation a process fraught with potential danger as an obstruction to a highway. Even though it intrusted the work to an independent contractor, it committed a breach of duty to the public to keep the highway in a safe condition for travel while the work was in progress and this duty cannot be delegated. (*Deming* v. *Terminal Ry.*, 169 N. Y. 1; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129; *Boylhart* v. *DiMarco & Reimann, Inc.*, 270 N. Y. 217, 221.) Strauss & Co. is, therefore, liable.

Appellant Gotham Silk Hosiery Company, Inc., as lessee of the entire building, is in the position of an owner in possession. At least two of the signs on the roof, as well as two on the ground floor, bore advertisements of its merchandise. It had a contract with Strauss & Co. for painting three of the upper signs as advertisements for

itself. Although the operation at the time of the collapse of the scaffold related to an advertisement for another merchant, the work of painting had been in progress for a week. The ropes by which the scaffold was suspended were secured to the roof of the building. The photographs in evidence show that it is scarcely possible that they could have been so fastened except by this appellant's permission to entry into the building by the men who attached the hooks to the cornice or parapet. A jury could reasonably infer that this dangerous obstruction to street travel was erected with the consent of this appellant. There is evidence that this appellant did sublease a portion of the premises on the ground floor to one or two other tenants but there is no evidence that it alienated the entire property. Indeed, in the absence of some evidence to the contrary, an inference is permissible and nearly obligatory that the Gotham Company remained in possession and control of this building. Unless an owner has alienated the entire property, the duty is imposed upon him to maintain it in such a condition that it shall not become dangerous to the traveling public. (*Appel* v. *Muller*, 262 N. Y. 278, 280.) The same burden rests upon the lessee of the entire premises. This obligation is not limited to the actual structure of the building and its usual appurtenances but applies to temporary attachments and projections over a highway which are dangerous to travelers. The natural tendency of the presence of a scaffold above a street without barricades or warning signals is to create danger and to inflict injury and may be held to be a nuisance in fact. (*Doll & Sons, Inc.*, v. *Ribetti, supra; Melker* v. *City of New York*, 190 N. Y. 481.)

The order should be affirmed and judgment absolute ordered against both appellants on the stipulation, with costs in all courts.

LEHMAN, J. (dissenting in part). The cause of the plaintiff's injury was the negligent use of a scaffold in painting a signboard upon a building controlled by the

defendant Gotham Silk Hosiery Co., Inc. That company had leased the signboard to Strauss & Co., Inc. Strauss & Co. in turn contracted with the defendant Weil for the painting of the sign. His employee was negligent in the fastening of the scaffold. For such negligence neither of the other defendants is liable. They may be held only for some breach of duty of their own.

To paint the sign, a scaffold, suspended over the street, was necessary. The temporary suspension of a scaffold over a street to permit a reasonable use of the premises abutting on the street is not unlawful. Nevertheless such use becomes unlawful and a nuisance if it is conducted in a manner which causes unreasonable danger to those using the street. The evidence in this case presented an issue whether in view of all the circumstances the scaffold did constitute a nuisance. Even so, the question remains whether either or both of the defendants may be held responsible for its creation.

The scaffold was not an obstruction of the street. " It could only become dangerous by being improperly constructed or by some wrongful and willful act." (*Hexamer* v. *Webb*, 101 N. Y. 377, 386.) It has been said that " there is some risk incident to the projection of any object over a highway, but the duty of the owner of abutting property does not require him to provide against all possible injury, and it is only such injury as may be reasonably anticipated that he is bound to take precautions to prevent." (*Weilbacher* v. *Putts Co.*, 123 Md. 249.) Accordingly it was held in that case that, under circumstances strikingly similar to those presented here, an abutting owner was not liable for injuries caused by defective fastening of a scaffold used by an employee of an independent contractor. (Cf. *Davis* v. *Whiting & Son Co.*, 201 Mass. 91.)

In this jurisdiction we have held those who undertake work in a public highway to a strict duty of care to guard against risk inherent in the work. Difficulty at times

arises in determining whether injury arises from a hazard which is inherent in the work, or from collateral negligence in a detail of the work. The distinction has recently been pointed out in *Boylhardt* v. *DiMarco & Reimann, Inc.* (270 N. Y. 217, 220), and I agree with the opinion of Judge O'BRIEN in so far as it holds that the trier of the fact might find that the plaintiff's injury here arose from a danger which was "inherent in the work contracted to be done and might reasonably be expected." Strauss & Co. initiated the work and may be held liable for its consequences.

The situation is different in regard to Gotham Hosiery Co., Inc. Though it had not parted with control of the whole building, it had parted with control of the signboard. It still remained under a duty to exercise care in the maintenance of the building in a safe condition but in this case the building was safe and the danger arose from the temporary use of the space above the street by the lessee of the signboard. It is not under any duty to supervise such use. It is not under any duty to guard against danger connected with such use. (*Zolezzi* v. *Bruce-Brown*, 243 N. Y. 490.)

It is true that when Gotham Hosiery Co., Inc., leased the signboard, it may have been charged with knowledge that the lessee would at times suspend a scaffold over the street which might become a nuisance if reasonable precautions were not used. None the less the defendant did not thereby become a party to the creation of the nuisance. It leased a signboard which was not dangerous and could not become dangerous unless used without reasonable precautions. It did not control that use, and I cannot see upon what theory it could be charged with a duty to take precautions so long as it did not control the use. (Cf. *Kirby* v. *Newman*, 239 N. Y. 470; *Leonard* v. *City of Hornellsville*, 41 App. Div. 106; appeal dismissed, 166 N. Y. 590; *Schroeck* v. *Reiss*, 46 App. Div. 502; *Opper* v. *Hellinger*, 116 App. Div. 261; 2 Wood on Land-

lord & Tenant [2d ed.], § 536; Joyce on Law of Nuisances, §§ 461, 466; 1 Tiffany on The Law of Landlord & Tenant, § 101.)

Judgment against Gotham Hosiery Co., Inc., should be reversed and complaint as to it dismissed.

HUBBS, CROUCH and LOUGHRAN, JJ., concur with O'BRIEN, J.; CRANE, Ch. J., concurs in the result on the ground that the Gotham Silk Hosiery Co. and Strauss & Co. were engaged in a joint enterprise; LEHMAN, J., dissents in opinion, in which FINCH, J., concurs.

Order affirmed, etc.