HAROLD SIMMONS, Respondent, *v.* RADIO PRINTING CORPORATION and Others, Defendants, Impleaded with FERRO REALTY CORP., Appellant.

First Department, June 24, 1938.

*F. A. W. Ireland* of counsel [*William C. Fiest* with him on the brief; *Ireland, Cohen & Hendrickson,* attorneys], for the appellant.

*William A. Hyman* of counsel [*Solomon Rotwein,* attorney], for the respondent.

TOWNLEY, J. Plaintiff, a pedestrian on the street, was injured by a falling rope and recovered judgment against the tenant, a contracting company and the owner of the building. The contracting company was lifting machinery up the front of the building into the tenant's premises by use of a block and fall. The owner is the only appellant, and claims that it had nothing to do with the installation of the machinery, had no interest in the business of the tenant and owed no duty to passers-by under the circumstances. The jury must have found that no warning signs were put out on the sidewalk and that no other precautions were taken to assure the safety of passers-by. The work had been going on all day. After it was completed a rope was carelessly dropped without due care as to possible injury to pedestrians. The landlord was represented at the premises all day by a superintendent who, it is conceded, was in and about the premises. No question of fact as to actual notice was litigated, the parties apparently assuming that

the presence of the superintendent was enough to give actual notice. The lease had contemplated the installation of the machinery and undoubtedly the landlord had consented thereto.

In substance, the facts of this case are not distinguishable from those considered by the Court of Appeals in *Rohlfs* v. *Weil* (271 N. Y. 444), except that there a scaffold attached to the outside of the building fell, whereas in the case at bar it was a rope from a block and tackle. The majority of the Court of Appeals held the owner liable. The court said, first: " Without going so far as to decide that this scaffold constituted a nuisance as matter of law, we hold that, in view of the conditions at this locality, at least an issue was presented to the jury whether it constituted a nuisance in fact. * * * Courts take judicial notice of the fact within common knowledge that work performed on scaffoldings on the outside of buildings abutting on highways is attended with danger to those using the sidewalk and that reasonable measures, such as barriers or warning notices, to prevent such danger must be employed."

The court further said: " Unless an owner has alienated the entire property, the duty is imposed upon him to maintain it in such a condition that it shall not become dangerous to the traveling public. * * * This obligation is not limited to the actual structure of the building and its usual appurtenances but applies to temporary attachments and projections over a highway which are dangerous to travelers. The natural tendency of the presence of a scaffold above a street without barricades or warning signals is to create danger and to inflict injury and may be held to be a nuisance in fact."

The only request pertinent to this appeal made by the appellant was for a charge without any qualification that the owner was under no duty to put up warning signs. It is true that the owner had no duty imposed by ordinance to erect signs, but since the Court of Appeals has held that an owner who has not leased the entire building to another owes a duty to pedestrians, whether that duty should be performed by the erection of signs or by giving some other type of warning was a matter for the jury to consider when determining what was reasonable conduct under the circumstances.

We find no error in the case and the judgment, so far as appealed from, should be affirmed, with costs.

O'MALLEY, GLENNON and DORE, JJ., concur; CALLAHAN, J., dissents and votes to reverse and grant a new trial.

CALLAHAN, J. (dissenting). The appellant, owner of business property, leased the sixth floor loft of its building to defendant

Radio Printing Corporation. The lease contained permission for the tenant to install certain printing presses and linotype machines. The tenant contracted with the Sigmund Trucking Co., Inc., to move its belongings into the leased premises. The trucking company, in turn, hired a hoister and rigger, the defendant B. Keenan & Son.

On the day of the accident to plaintiff certain printing presses were hoisted over the sidewalk into the sixth floor through the front windows of the building by means of ropes and tackle fastened to the outside of the building. After the work — which had taken a substantial part of the day — had been completed, plaintiff, a passing pedestrian, was injured when one of the ropes which had been used in hoisting the presses was thrown, or permitted to fall, from the sixth-story window by the employees of Keenan.

There is no evidence in the case to show that the method of outside hoisting was the only one available in moving tenants' machinery into the building. There was no proof that the appellant had any knowledge that such method would be resorted to. There was proof, however, that the appellant had in its employ a superintendent of the premises, who was in or about the building during the day of the accident.

Under the court's charge the liability of the appellant was placed solely upon failure to warn pedestrians of danger. There was contradictory evidence as to whether warning signs had been placed on the sidewalk in front of the building.

Section 71 of article 7 of chapter 14 of the New York (City) Code of Ordinances, in force at the time of the accident, imposed upon the contractor engaged in hoisting the machinery the duty of placing warning signs on either side of the place where hoisting was being done. There was no law or ordinance placing such a duty upon the owner of a building. If liability of appellant exists it must arise under the common law. The question presented, therefore, is whether there was any common-law duty cast upon the appellant in this case to warn against the danger.

The issue as to whether the appellant had constructive notice of the method being used by the contractor was not submitted to the jury. There was no proof of actual notice.

The duty of the owner was to maintain its building in a safe condition so that it would not become dangerous to the traveling public. This duty has been held to extend to temporary attachments and projections on the building over the sidewalk. And the presence of a scaffold over a street, without barricades or warning signs, has been said to be sufficient to constitute *prima facie* a nuisance in fact. (*Rohlfs* v. *Weil*, 271 N. Y. 444.)

Both appellant and respondent rely on the *Rohlfs* case. There a lessee in possession was held liable for failure to warn of the danger presented by a scaffold erected over the sidewalk. The scaffold had been erected for the purpose of painting advertising signs on the upper floor of a building. Some of the signs which were being painted were to be used by the lessee, and others were to be used by an advertising company to whom the lessee had rented them. The advertising company had hired a subcontractor to paint the signs. The rope holding the scaffold had been improperly hitched by the subcontractor's employees. In that case, therefore, it appeared that the work was being performed partly for the lessee and partly for another. It necessarily required the erection of a scaffold — a step of an inherently dangerous nature. The Court of Appeals held that the hiring of an independent contractor did not relieve the owner of the duty to guard pedestrians from the danger inherent in the work.

The present situation is substantially different. Here the appellant merely leased the loft into which machinery was to be moved. It made no contract that required the use of hoisting apparatus. It should not be charged with the duty of guarding against acts of its tenants or their agents, who might choose to raise machinery by ropes fastened to the outside of the premises, at least, not without actual notice of the existence of danger.

The present complaint rested solely in negligence, and the accident herein occurred because of the carelessness of employees of the hoister in performing a detail of the work. The rope was not an attachment to, nor a projection from, the building.

The trial court charged the jury that the appellant was liable if no warning signs were placed in front of the building. The single question left to the jury with respect to the appellant's negligence was as to the presence or absence of such signs.

In addition to the usual motions to dismiss, appellant requested the court to charge the jury that it was under no duty or obligation to barricade or erect signs on the sidewalk during the course of the rigging that was being done by defendant Keenan. Exception was taken to the refusal to grant such request.

The ruling indicated appears to constitute reversible error in view of the evidence in this case. To say that, because a tenant chose to use hoisting apparatus, the landlord, who took no part in bringing about its use and had no actual notice thereof, would be liable for failure to warn pedestrians of danger, is placing an undue burden on such landlord. It would require him to constantly supervise all movements of tenants' goods in and out of the premises. Nor would it appear proper to hold that the presence of a super-

intendent on the premises, constituting at most some evidence of constructive notice of danger, cast liability on the owner for failure to warn.

The judgment, so far as appealed from, should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment, so far as appealed from, affirmed, with costs.