ETTIE KAMMERMAN et al., Respondents, v. 170 ST. PHARMACY, INC., Appellant, et al., Defendants.

First Department, June 15, 1945.

*William L. Shumate* of counsel (*Andrews, Baird & Shumate,* attorneys), for appellant.

*Victor Deutsch* for respondents.

CALLAHAN, J. (dissenting). In my opinion, it was error to submit to the jury the issues as to whether the work involved herein created any inherent danger. A common activity such as cleaning a store-window does not involve the creation of a nuisance in fact. It is not intrinsically or inherently dangerous if carefully performed. In order to create an intrinsic or inherent danger, there would have to be an act " fraught with potential danger " (*Rohlfs* v. *Weil,* 271 N. Y. 444). It must be " necessarily attended with danger, however skillfully and carefully performed " (*Engel* v. *Eureka Club,* 137 N. Y. 100). The danger must be an " uncommon " one. (*Weinfeld* v. *Kaplan,* 282 N. Y. 348, 350.) The performance of the work must necessarily render the street unsafe. (*Storrs* v. *The City of Utica,* 17 N. Y. 104.)

The authorities relied on by the trial court are distinguishable. The *Rohlfs* case (*supra*) involved the hoisting of a scaffold over the sidewalk. In *Wright* v. *Tudor City Twelfth Unit, Inc.,* (276 N. Y. 303) mats were being washed upon the sidewalk with soap and water daily for several months; in *Boylhart* v. *DiMarco & Reimann, Inc.,* (270 N. Y. 217) and *Schwartz* v. *Merola Bros. Construction Corp.* (290 N. Y. 145) piles of building materials were placed in the highway. These cases involved extraordinary hazards to pedestrians or the actual obstruction of the highway. Here, the work being performed was a simple task carried on almost daily by housewives, store-keepers and occupants of premises generally, who, in the city of New York, in order to wash their front windows, must work over or adjacent to the sidewalk. The undertaking of washing is quite frequently delegated to independent contractors, and the employer thereof should not be subjected to liability for the negligent acts of the contractor's servants, collateral in their nature.

The judgment and order should be reversed and a new trial granted.

UNTERMYER, DORE and COHN, JJ., concur in decision; CALLAHAN, J., dissents and votes to reverse and grant a new trial in opinion in which MARTIN, P. J., concurs.

Judgment and order affirmed, with costs. No opinion.