■ MARY HILDEBRAND, Respondent, v. REGINA KAZMIERCZAK et al., Appellants. SECTIONAL HOME & GARAGE WORKS, INC., Defendant and Third Party-Plaintiff, v. VINCENT MICHIENZI, Doing Business as MICHIENZI CONCRETE, Third-Party Defendant.— Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to any party. Memorandum: Plaintiff was injured when she fell while walking along the sidewalk in front of the premises owned by defendant, Kazmierczak. Some months before the latter had contracted with the codefendant, Sectional Home & Garage Works, Inc. (Sectional) to construct a new concrete sidewalk. Sectional had subcontracted the work to the third-party defendant, Michienzi. The cause of action alleged in the complaint was that the defendant, owner, had hired Sectional to repair the sidewalk and that such repairs had been negligently performed. Inasmuch as Michienzi, the subcontractor, who performed the actual work, was not a defendant in the basic action liability might not be imposed on the owner (the hirer of one independent contractor) and Sectional (the hirer of a second independent contractor) in the absence of an affirmative finding that the danger was inherent in the work contracted to be done and might reasonably be expected (*Boylhart* v. *Di Marco & Reimann*, 270 N Y 217, 220) or that one or both of the defendants, as hirers of independent contractors, had actual or constructive notice of the condition. (*Schwartz* v. *Merola Bros. Constr. Corp.*, 290 N. Y. 145; see, generally, 1 NYPJI, pp. 429–432 and cases therein cited.) The trial court in substance charged the jury that both the owner and Sectional had a nondelegable duty and were responsible for the acts of the subcontractor. While there were no exceptions to the charge, the basic errors therein and the subsequent proceedings mandate a new trial. Initially the jury found "all three (owner, contractor and subcontractor) equally liable". Following a weekend recess the jury returned and written questions were submitted to them. These required the jury to determine (1) whether the owner used reasonable care in inspecting the work and (2) whether the contractor was free of negligence in accepting the work. The jury found that the owner did use reasonable care and that the contractor was negligent. It is apparent that upon this specific finding the complaint should have been dismissed as to the defendant owner. Instead the trial court implemented the earlier jury finding that "all three" were liable, directed a verdict against the owner and a further verdict in her favor against the contractor (Sectional) and the subcontractor (Michienzi). Lastly, we conclude that in the event the case had been submitted upon a proper charge, any finding that the owner or contractor had actual or constructive notice of the alleged defect would be contrary to the evidence. (Appeal from judgment of Erie Trial Term, for plaintiff in a negligence action.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.