OPINION OF THE COURT
Lorraine S. Miller, J.
Motion sequence Nos. 004, 005 and 006 are consolidated for disposition. This action arises out of an accident on June 11, 1997 at 590 Madison Avenue, New York City. Plaintiff, Patricia Durkin, was walking on the sidewalk when she was allegedly struck by a wooden A-frame ladder which had been leaning against the building but tipped over onto her.
PARTIES AND PLEADINGS
Tourneau N.Y. Inc. (Tourneau), the lessee, was in the process of having the premises renovated into a retail store. Plaintiff asserts claims against Tourneau, IDI Construction (IDI), Vanderbilt Properties Associates (Vanderbilt) and Minskoff Equities Inc. (Minskoff). IDI was the general contractor. *615 Vanderbilt and Minskoff, as well as Tourneau, are sued as owners of the premises.
IDI asserts a third-party claim against Tajima Corporate (Tajima) which it hired to fabricate a two-sided steel frame truss, onto which clocks were being installed. (Tajima has filed a bankruptcy petition and, hence, the action against it is stayed.) IDI also asserts a third-party claim against J.B.C. Electrical Construction Corp. (JBC) which it hired to wire the clocks on the truss. IDI asserts claims against JBC for contribution, contractual indemnity and indemnity, and breach of contract, for failure to procure insurance coverage.
Tourneau asserts a second third-party action against Lettera Sign & Electric Co., Inc. (Lettera) and Electric Time Company, Inc. (Electric). Lettera was hired by Tourneau to install the clocks on the truss outside the store. Electric manufactured the clocks and also was hired directly by Tourneau. Tourneau asserts claims against both Lettera and Electric for damages due to their negligence, and for indemnity and contribution. Other subcontractors were involved in the project but have not been named as parties herein.
In addition to the complaint and the two third-party actions, various counterclaims and cross claims have been asserted. They are the subject of the present motions and cross motions, as follows:
Tourneau asserts cross claims against IDI for contribution, for common-law indemnity, and for contractual indemnity. Vanderbilt and Minskoff assert cross claims against IDI for indemnity and contribution. JBC asserts cross claims against Lettera and Electric for indemnity and contribution. JBC asserts what it terms “counterclaims” against IDI, Vanderbilt and Minskoff for indemnity and contribution. Lettera asserts a “countercomplaint” against Tourneau for indemnification and contribution.[1] Lettera asserts a cross complaint against IDI, Vanderbilt, Minskoff, and JBC for indemnification and contribution. Electric asserts a counterclaim against Tourneau for indemnification and contribution, and a cross claim against *616 IDI, Vanderbilt, Minskoff, JBC and Lettera for indemnification and contribution. Finally, Tourneau asserts a cross claim against JBC.
THE MOTIONS
In motion sequence No. 004, Electric moves for summary judgment dismissing the second third-party complaint as against Electric, and dismissing any cross claims, and for costs and attorney’s fees pursuant to CPLR 8303-a.
In motion sequence No. 005, Lettera moves for summary judgment dismissing the second third-party complaint along with any cross claims. Tourneau cross-moves for summary judgment dismissing the complaint and any cross claims or counterclaims.
In motion sequence No. 006, JBC moves for summary judgment dismissing the third-party action and any claims against JBC. Vanderbilt and Minskoff cross-move for summary judgment dismissing the complaint as against them.
The court notes that several of the parties have omitted from their moving papers an affidavit by a person with actual knowledge. While an attorney’s affirmation may be used to incorporate documentary evidence in support of, or in opposition to, a motion for summary judgment, a party is not free to make such a motion relying on his own deposition transcript in lieu of a moving affidavit. Such motion practice places “an intolerable burden” on the court and is grounds for denial of the motion. (Stainless, Inc. v Employers Fire Ins. Co., 69 AD2d 27, 32 [1st Dept 1979, Fein, J.] [standard not met by reliance solely on deposition transcripts], affd for reasons stated below 49 NY2d 924 [1980]; Executive Sec. Corp. v Gray, 67 AD2d 860 [1st Dept 1979].) In the interests of justice, nonetheless the court will take cognizance of the transcripts supplied by the parties to the extent they are referred to in the motion papers. The parties are cautioned that any further motion papers are to be in proper form or appropriate sanctions will be imposed.
THE MERITS
While discovery has been completed, the gargantuan efforts of the parties have resulted in no admissible proof as to the ladder’s ownership, who placed the ladder at the location, or what caused the ladder to fall and strike plaintiff. Given plaintiffs failure to discover these crucial facts, JBC, Lettera and Electric have met their burden as movants for summary judgment, because the opposition to their motions have failed *617 to demonstrate the existence of a triable issue of fact.[2] Accordingly, the motions and cross motions of JBC, Lettera and Electric are granted dismissing the claims asserted against them. (See, Petluck v McGolrick Realty Co., 240 App Div 61 [1st Dept 1934].)
The motions of the remaining parties require more analysis. In determining whether the movants and cross movants are entitled to summary judgment, the initial inquiry must be whether their moving papers meet their burden to establish that there is no triable issue of fact, and that they are entitled to judgment as a matter of law. If that initial burden is not met, the motion or cross motion must be denied, regardless of whether the opposing papers are adequate. (McDonald v Dudek, 100 AD2d 839 [2d Dept 1984].)
Unlike JBC, Lettera and Electric, the issue of liability of the remaining parties is more complex. The liability of an owner/ lessee or general contractor can rest on grounds other than its own negligence in actually placing the ladder or causing it to fall precipitously.
TOURNEAU
Tourneau’s brief is impliedly premised on the well-established proposition that a person is not liable for the negligence of an independent contractor, and on rules governing the liability of an abutting owner for defects in sidewalks. However, the principle that a person is not liable for the negligence of an independent contractor is not absolute. A nondelegable duty will be imposed on an owner where the owner is on actual or constructive notice of a hazard, especially where the hazard threatens persons using the public highways and sidewalks as the result of work done on, or to the benefit of, the owner’s property, or where the activity itself is inherently hazardous. (See, Schwartz v Merola Bros. Constr. Corp., 290 NY 145 [1943]; Wright v Tudor City Twelfth Unit, 276 NY 303 [1938]; Boylhart v DiMarco & Reimann, 270 NY 217 [1936]; Rohlfs v Weil, 271 NY 444 [1936]; Ehret v Village of Scarsdale, 269 NY 198 [1935]; Wright v Esplanade Gardens, 150 AD2d 197 [1st Dept 1989]; Thomassen v J & K Diner, 152 AD2d 421 [2d Dept 1989], appeal dismissed 76 NY2d 771 [1990]; Kojic v City of New York, 76 AD2d 828 [2d Dept 1980]; Hildebrand v *618 Kazmierczak, 25 AD2d 603 [4th Dept 1966]; see also, Schroeder v City & County Sav. Bank, 293 NY 370 [1944]; Ryan v Gordon L. Hayes, Inc., 22 AD2d 985 [3d Dept 1964], affd 17 NY2d 765 [1966]; Meisner v Healey, 18 AD2d 368 [1st Dept 1963]; Satre v City of New York, 265 App Div 263 [1st Dept 1942].) A review of the foregoing cases demonstrates that activities which could, by their location, threaten members of the public using the sidewalks and streets are, by virtue thereof, more likely to be considered hazardous than those on purely private property.
The facts at bar would permit a jury to impose liability against Tourneau. There is no evidence that plaintiff bumped into the ladder. Rather, it fell on her without any action on her part. The accident occurred in the afternoon. No work had been performed that day. Thus, a jury could infer that the ladder was placed in an unstable position in a location where it posed a danger to the public and that the ladder had been left at that location for a substantial period of time, such that Tourneau was on constructive notice of the hazard.
Further, Tourneau’s facilities manager was present at the site observing the progress of the work. Given the small size of the site, the jury might conclude that he was on actual notice of the hazard. His testimony as presented in the present papers does not disclaim such notice. Hence, Tourneau has not met its burden as movant on its cross motion for summary judgment to establish the lack of a triable issue of fact as to whether Tourneau had actual notice or constructive notice.
Similarly, Tourneau has not met its burden to establish as a matter of law that its activities were not inherently dangerous such that Tourneau cannot be held liable on the basis of that nondelegable duty. Comparable risks have been held to constitute such a hazard to the public. (See, Wright v Tudor City Twelfth Unit, 276 NY 303 [1938], supra [washing mats on sidewalk a hazardous activity supporting liability]; Kammerman v 170 St. Pharmacy, 269 App Div 430 [1st Dept], affd 295 NY 631 [1945] [washing store window a hazardous activity].) Assuming arguendo that construction work which required the use of means of elevation of the workers (a ladder), on a building immediately adjacent to a public sidewalk, is inherently hazardous as a matter of law, a conclusion buttressed by the existence of numerous laws and regulations promulgated to protect the public from such activity (cf., Wright v Tudor City Twelfth Unit, 276 NY 303, supra), it would be well within the province of a jury to find that the activity is hazardous.
Moreover, in order to undertake the work, it was necessary to obtain a permit from the Department of Buildings. Pursuant *619 to Administrative Code of the City of New York § 27-200: “Permits shall be deemed to incorporate the proviso that the applicant, his or her agent, employees, and contractors shall carry out the permitted work or use in accordance with the provisions of this code and other applicable laws and regulations, whether specified or not, except insofar as variations therefrom have been legally permitted or authorized.”
. Administrative Code § 27-203 provides, in pertinent part:
“Compliance with safety requirements.
“All building operations shall be conducted in accordance with and subject to the safety requirements of this code and other applicable laws and regulations”.
Administrative Code § 27-1018 provides, in pertinent part:
“Housekeeping.
“(a) All areas used by the public shall be maintained free from ice, snow, grease, debris, equipment, materials, projections, tools, or other item, substance, or condition that may constitute a slipping, tripping, or other hazard.”
Violation of this provision provides a ground for liability against the owner, as well as against a general contractor or subcontractor who fails to comply with it. (Cf., Orlin v Colgate Scaffolding Corp., 248 AD2d 114 [1st Dept 1998]; Ehret v Village of Scarsdale, 269 NY 198, supra; Rosenberg v Schwartz, 260 NY 162 [1932]; Ramsey v National Contr. Co., 49 App Div 11 [2d Dept 1900].) If, as the record suggests, the ladder which fell on plaintiff was insecurely left in an area used by the public, such as the public sidewalk, this might well constitute a violation of the permit and hence of the owners’ own nondelegable duties.
MINSKOFF AND VANDERBILT
Minskoff and Vanderbilt also base their motion on the premise that they played no active role in the construction work or its oversight and, therefore, they cannot be found to have violated a duty owed to plaintiff. However, under the principles discussed above in connection with Tourneau, Minskoff and Vanderbilt likewise may be found to have had actual or constructive notice of the hazard to persons using the sidewalk. Neither Minskoff nor Vanderbilt contend that they did not have agents physically present at the premises on the day in question. Furthermore, the papers presently before the court do not establish the identity of the entity which applied for the permit, and therefore do not establish the lack of a tri *620 able issue as to whether the building permit was issued to Vanderbilt and/or Minskoff, hence subjecting them to the nondelegable duty imposed by the above-quoted sections of the Administrative Code.
Cases governing the liability of an abutting landowner for defects in sidewalks are not on point. Plaintiffs claim is not that the sidewalk itself was defective. Her claim is that a ladder used on the construction site, and left unsecured in an area frequented by the public, fell on her.
CONCLUSION
In view of the foregoing, it is ordered that the motions of JBC, Lettera and Electric for summary judgment dismissing all claims asserted against them are granted and the Clerk is directed to enter judgment dismissing the action as against JBC, Lettera and Electric. Electric’s motion for costs and attorney’s fees is denied. It is further ordered that the cross motions of Tourneau, Minskoff and Vanderbilt are denied, and the action continues.

. The motion papers, which are required to contain copies of all pleadings (CPLR 3212 [b]), do not include answers to the counterclaims asserted by JBC against IDI, Vanderbilt and Minskoff; to the counterclaim asserted by Tourneau against Lettera; or to the counterclaim asserted by Tourneau against Electric. While the CPLR contemplates an answer to a counterclaim (see, CPLR 3011), and while therefore the absence of such answers could constitute an admission of the allegations in the counterclaim, the absence of such answers is not the subject of the parties’ arguments, and the court will not base any relief on the absence of these pleadings.

. As noted above, some of the counterclaims and cross claims assért claims based on contractual indemnity and/or tort. However, none of the parties asserting such claims have presented any arguments in support of such claims. Accordingly, they are deemed abandoned.