WILLIAM HOSMER et al., Plaintiffs, v KUBRICKY CONSTRUCTION CORPORATION, Appellant, and TOWN OF FORT ANN, Respondent, et al., Defendants. (And 13 Other Related Actions.) [931 NYS2d 738]—

Stein, J.

Defendant Town of Fort Ann owns and operates the Hadlock Pond Dam located in the Town of Fort Ann, Washington County. The Town commenced a reconstruction project in September 2004 after finding deficiencies in the dam's spillway. The Town retained defendant HTE Northeast, Inc. to design the reconstructed spillway, defendant Kubricky Construction Corporation to construct it and defendant Atlantic Testing Laboratories, Ltd. to test the materials used in the project. Defendant Copeland Environmental, LLC was retained by the Town as a

consultant for the reconstruction project. Following the completion of the project—but prior to a final inspection by the Department of Environmental Conservation—the Town refilled the pond. Not long thereafter, the dam failed, causing flooding and property damage downstream from the pond.

Over 100 upstream and downstream property owners subsequently commenced these 14 actions, seeking damages from defendants under theories of recovery including, but not limited to, negligence, nuisance and trespass. In certain of these actions, Kubricky impleaded the Town, seeking contribution. Kubricky, joined later by certain plaintiffs, moved for partial summary judgment, seeking a determination that the Town was under a nondelegable duty to maintain and operate the dam in a safe condition, such that it is vicariously liable for its contractors' negligence. The Town cross-moved for partial summary judgment seeking a determination that it was under no such duty. Supreme Court granted the Town's cross motion, prompting this appeal by Kubricky.

The only issue before us is whether Supreme Court correctly determined that the Town did not have a nondelegable duty to operate and maintain the dam in a safe condition. We begin our analysis with the well-settled principle that, as a general rule, where a defendant retains an independent contractor, it is not liable for the negligence of that contractor (*see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Richardson v Simone*, 275 AD2d 576, 576 [2000]). However, exceptions to this rule have emerged and a defendant may be vicariously liable for, among other things, " '[n]on-delegable duties . . . arising out of some relation toward the public or the particular plaintiff' " (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d 251, 258 [2008], quoting Restatement [Second] of Torts § 409, Comment *b*). We agree with Kubricky's argument that this exception applies here and, therefore, reverse.

There are " 'no clearly defined criteria' " for determining whether a nondelegable duty exists (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d at 258, quoting *Kleeman v Rheingold*, 81 NY2d at 275). "Rather, 'a *sui generis* inquiry' must be conducted because 'the conclusion ultimately rests on policy considerations' " (*Brothers v New York State Elec. & Gas Corp.*, 11 NY3d at 258, quoting *Kleeman v Rheingold*, 81 NY2d at 275). "The most often cited formulation is that a duty will be deemed nondelegable when the responsibility is so important to the community that the employer should not be permitted to transfer it to another" (*Kleeman v Rheingold*, 81 NY2d at 275 [internal quotation marks and citations omitted]). Although a

nondelegable duty is often imposed by regulation or statute, "the class of duties considered 'nondelegable' is not limited to statutorily imposed duties . . . [and] examples of nondelegable common-law duties abound" (*Kleeman v Rheingold,* 81 NY2d at 275).

As relevant here, the Legislature amended the Environmental Conservation Law in 1999 to require that "[a]ny owner of a dam or other structure which impounds waters shall at all times operate and maintain said structure and all appurtenant structures in a safe condition" (ECL 15-0507 [1]; *see* L 1999, ch 364, § 3). This amendment was in response to several dam failures that caused significant flooding in New York during the 1990s. It was aimed at addressing the "life threatening" dangers created by dams and the fact that many dams had not been properly maintained (Senate Mem in Support, 1999 McKinney's Session Laws of NY, at 1788). By shifting responsibility from the Department of Environmental Conservation to dam owners, the Legislature's intent was to encourage proper maintenance by owners in recognition of the fact that "[they] are ultimately liable for damage caused downstream as a result of negligence" (Senate Mem in Support, 1999 McKinney's Session Laws of NY, at 1788-1789).

In our view, the plain language of this statute and the significance of the responsibility it imposes give rise to a nondelegable duty on the part of the Town, as an undisputed owner of the dam, to maintain and operate that structure in a safe condition/manner (*see* ECL 15-0507 [1]; *Brothers v New York State Elec. & Gas Corp.,* 11 NY3d at 258-259; *Kleeman v Rheingold,* 81 NY2d at 274-277; *cf. Chainani v Board of Educ. of City of N.Y.,* 87 NY2d 370, 379-381 [1995]). Contrary to the Town's contention, the recognition of such a duty does not result in the creation of a private right of action against the Town for violation of the statute; indeed, the statute provides otherwise and we have held that no such private right of action exists (*see Alaimo v Town of Fort Ann,* 63 AD3d 1481, 1484 [2009]). Instead, it is an acknowledgment that the statute and its legislative history reflect the public policy considerations which support making nondelegable the Town's common-law duty to maintain the dam (*see generally Basso v Miller,* 40 NY2d 233, 241 [1976]). Clearly, the potential harm to those living and working near the dam in the event of its failure is of great public concern and, in our view, responsibility is fairly placed on the Town—which is in the best position to ensure the safety of the dam on an ongoing basis—to use its best efforts to compel its contractors to perform

quality work and demonstrate sufficient solvency[1] (*see generally Feliberty v Damon*, 72 NY2d 112, 117 [1988]). Further, as Supreme Court notes, the imposition of vicarious liability on the Town does not relieve the other defendants of any liability that they would otherwise have for their own negligence.[2] Consequently, Kubricky's motion for summary judgment seeking a determination as a matter of law that the Town had a nondelegable duty to repair and maintain the Hadlock Pond Dam should have been granted.

The parties' remaining contentions, to the extent not specifically addressed herein, have been considered and are either academic or without merit.

Rose, J.P., Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Kubricky Construction Corporation, by reversing so much thereof as granted the cross motion of defendant Town of Fort Ann for partial summary judgment and denied the motion of defendant Kubricky Construction Corporation for partial summary judgment; cross motion denied, motion granted, summary judgment awarded to defendant Kubricky Construction Corporation and it is declared that defendant Town of Fort Ann has a nondelegable duty to repair and maintain the Hadlock Pond Dam; and, as so modified, affirmed.

---

1. This is in contrast to the other defendants, who were in no position to exercise control over each other. Thus, we are unpersuaded by the Town's argument that, if it has a nondelegable duty, the other defendants do as well, based upon the definition of the term "owner" in ECL 15-0507.

2. We note that a jury has found some negligence on the part of all defendants herein. Thus, as Supreme Court observed, the imposition of a nondelegable duty on the Town merely renders the Town "financially responsible for the negligence of [each of] its contractors regardless of a successful plaintiff's ability to enforce a judgment against such entities."