Dziedzic v Wirth (2018 NY Slip Op 04905)





Dziedzic v Wirth


2018 NY Slip Op 04905


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


826 CA 17-01756

[*1]MICHELLE M. DZIEDZIC AND ANTHONY W. DZIEDZIC, PLAINTIFFS-APPELLANTS,
v
RICHARD WIRTH, INDIVIDUALLY AND DOING BUSINESS AS J & S PAVING, DEFENDANT, MARK DONABELLA AND MEGHAN DONABELLA, DEFENDANTS-RESPONDENTS. 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (BRADY J. O'MALLEY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
BARCLAY DAMON LLP, SYRACUSE (ALAN R. PETERMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered June 28, 2017. The order, inter alia, granted the motion of defendants Mark Donabella and Meghan Donabella for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking to recover damages for injuries sustained by Michelle M. Dziedzic (plaintiff) when she tripped and fell over a string that was suspended across a sidewalk. The owners of the premises adjacent to the sidewalk, Mark Donabella and Meghan Donabella (defendants), hired an independent contractor, defendant Richard Wirth, doing business as J & S Paving (contractor), to pave the driveway. The contractor in turn hired a subcontractor, whose job included cleaning up the edge of the driveway. While the contractor was transporting debris offsite, the subcontractor placed the string across the sidewalk as a guide to the location of the edge of the driveway. The contractor did not see the string until he returned but, by that time, plaintiff had already tripped over it. In his deposition testimony, the contractor testified that the string was an obvious tripping hazard, and that its placement across the sidewalk was a mistake owing to the subcontractor's inexperience. It is undisputed that defendants lacked knowledge of the placement of the string. Supreme Court granted defendants' motion for summary judgment dismissing the complaint against them. We affirm.
"Generally, a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts,' " (Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257 [2008]; see Raja v Big Geyser, Inc., 144 AD3d 1123, 1124 [2d Dept 2016]). There are, however, exceptions to that general rule (see Brothers, 11 NY3d at 258). A party may be vicariously liable for the negligence of an independent contractor in performing " [n]on-delegable duties . . . arising out of some relation toward the public or the particular plaintiff' " (id.; see Hosmer v Kubricky Const. Corp., 88 AD3d 1234, 1235 [3d Dept 2011], lv dismissed 19 NY3d 839 [2012]). In that vein, a party may be vicariously liable where it assigns work to an independent contractor that " involves special dangers inherent in the work or dangers which should have been anticipated' " by that party (Brothers, 11 NY3d at 258; see Hildebrand v Kazmierczak, 25 AD2d 603, 603 [4th Dept 1966]). To determine whether a nondelegable duty exists, the court must conduct " a sui generis inquiry' . . . because the [court's] conclusion rests on policy considerations' " (Brothers, 11 NY3d at 258; see Hosmer, 88 AD3d at 1235).
Contrary to plaintiffs' contention, the court properly determined that defendants are not vicariously liable for the subcontractor's alleged negligence inasmuch as the work to be performed did not involve a nondelegable duty (see generally Hildebrand, 25 AD2d at 603). The work that defendants assigned to the contractor was to be performed on private property to which members of the public did not have access, and it did not involve any " special dangers' " (Brothers, 11 NY3d at 258). Moreover, the placement of the string that caused the accident was an unusual act born of the subcontractor's inexperience, and thus it was not inherent in the work to be performed. Finally, although a nondelegable duty may be imposed by statute or regulation (see Hosmer, 88 AD3d at 1235-1236), there were no violations of the sections of the Oswego City Code upon which plaintiffs rely.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court