■ WILLIAM T. FLAHERTY, Respondent, v FOX HOUSE CONDO-MINIUM et al., Defendants and Third-Party Plaintiffs-Appellants. TASHKENT CONTRACTING, INC., Third-Party Defendant-Respondent. (Action No. 1.) JOYCE BOK, Respondent, v FOXWOOD HOUSE CONDOMINIUM, Defendant and Third-Party Plaintiff-Appellant. TASHKENT CONTRACTING, INC., Third-Party Defendant-Respondent. (Action No. 2.) [751 NYS2d 271] —In two related actions, inter alia, to recover for property damage, (1) Fox House Condominium and Foxwood Associates, the defendants third-party plaintiffs in Action No. 1, appeal from an order of the Supreme Court, Queens County (Polizzi, J.), dated March 23, 2001, which denied their motion for summary judgment dismissing the complaint in that action and for common-law indemnification against Tashkent Contracting, Inc., the third-party defendant in Action No. 1, and (2) Fox House Condominium, sued in Action No. 2 as Foxwood House Condominium, the defendant third-party plaintiff in Action No. 2, appeals from an order of the same court, also dated March 23, 2001, which denied its motion for summary judgment dismissing the complaint in Action No. 2 and for common-law indemnification against Tashkent Contracting, Inc., the third-party defendant in that action.

Ordered that the orders are affirmed, with one bill of costs.

These actions, inter alia, to recover for property damage, arise from a fire which began on the roof of a building owned by Fox House Condominium (hereinafter Fox House) and managed by Foxwood Associates (hereinafter Associates), defendants third-party plaintiffs in Action No. 1. Fox House and Associates moved for summary judgment in Action No. 1, and Fox House (which was sued under the name Foxwood House Condominium in Action No. 2), moved for summary judgment in Action No. 2. Fox House and Associates argued that they could not be held liable because their independent contractor, Tashkent Contracting, Inc. (hereinafter Tashkent), the third-party defendant in both actions, caused the fire by using a propane torch to resurface the roof. They also contended that they were entitled to common-law indemnification from Tashkent. The Supreme Court disagreed, finding that there are triable issues of fact as to whether Fox House and Associates were vicariously liable. The Supreme Court further determined that summary judgment on their indemnification claim was precluded because there are issues regarding whether they were actively negligent. We agree.

A party who hires an independent contractor is generally not liable for the independent contractor's negligence (*see Kleeman*

*v Rheingold,* 81 NY2d 270; *Rosenberg v Equitable Life Assur. Socy. of U.S.,* 79 NY2d 663, 668). Exceptions include situations where the party has assumed a specific duty by contract, is under a statutory duty to perform or control the work or a duty to keep the premises safe, and has assigned work to an independent contractor which the party knows or has reason to know involves inherently dangerous work (*see Rosenberg v Equitable Life Assur. Socy. of U.S., supra* at 668; *Kleeman v Rheingold, supra*). Contrary to the Supreme Court's finding, Fox House and Associates were not statutorily obligated to control Tashkent's work absent evidence that Tashkent discharged its initial obligation to supply them with a copy of the applicable provisions of the Rules of City of New York Fire Department (3 RCNY) § 38-01.1. However, there are issues of fact as to whether the defendants third-party plaintiffs violated their statutory obligation to maintain the premises in good repair pursuant to Multiple Dwelling Law § 78 and as to whether the defendants third-party plaintiffs assigned work which they knew or should have known was inherently dangerous (*see Beck v Woodward Affiliates,* 226 AD2d 328). Moreover, while there is no evidence that Fox House and Associates supervised Tashkent's work, there is an issue of fact regarding whether they negligently hired Tashkent (*see Kleeman v Rheingold, supra* at 274 n 1). Accordingly, the Supreme Court properly denied the motions for summary judgment. Feuerstein, J.P., Smith, Friedmann and Adams, JJ., concur.