ELAINE SIRMANS, Respondent, v CHRIS C. MANNAH et al., Appellants, et al., Defendants. [752 NYS2d 359] —In an action to recover damages for personal injuries, the defendants Chris C. Mannah and Lobby Cab Corp. appeal, and the defendant Ronald E. Keeling separately appeals, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated November 1, 2001, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from,

on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the motions are granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

It is undisputed that the plaintiff sustained a scar seven eighths of an inch in length on her lower lip. In opposition to the appellants' prima facie establishment of their entitlement to summary judgment, the plaintiff alleged that the scar constituted a "significant disfigurement" and, therefore, was a serious injury within the meaning of Insurance Law § 5102 (d). However, contrary to the plaintiff's contentions, a reasonable person viewing the plaintiff's lower lip in its altered state would not regard the condition as unattractive, objectionable, or as the object of pity and scorn (see *Loiseau v Maxwell,* 256 AD2d 450; *Edwards v De Haven,* 155 AD2d 757). Thus, the appellants' respective motions should have been granted. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.