■ YEFIM SMOLYAR, Appellant, v MIKHAIL KRONGAUZ, Defendant, and JOSEF ROTTENSTEIN, Respondent. (And a Related Action.) [767 NYS2d 873]—

In two related actions, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated September 12, 2002, as upon, in effect, granting his motion for leave to reargue, adhered to a prior determination in an order dated March 7, 2001, granting that branch of the motion of the defendant Josef Rottenstein which was for summary judgment dismissing the first cause of action insofar as asserted against him, on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the order dated March 7, 2001, is vacated, upon reargument, the branch of the motion which was for summary judgment dismissing the first cause of action insofar as asserted against the defendant Josef Rottenstein is denied, and the first cause of action is reinstated against the defendant Josef Rottenstein.

To be entitled to summary judgment, the defendant Josef Rottenstein was required to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Rottenstein failed to meet that burden. Indeed, his medical experts failed entirely to address the plaintiff's allegation that he sustained compression fractures of the C5, C6, and C7 vertebral bodies (see Meyer v Gallardo, 260 AD2d 556 [1999]). Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur.