■ MARIE DESAMOUR, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [777 NYS2d 706]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 7, 2003, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Bernabel v Perullo,* 300 AD2d 330, 331 [2002]; *Duldulao v City of New York,* 284 AD2d 296, 297 [2001]). The affirmations of the plaintiff's physicians

submitted in opposition to the defendants' motion failed adequately to account for the plaintiff's subsequent motor vehicle accident as the cause of her alleged current condition. On the issue of causation, the reports of the plaintiff's physicians were conclusory as to the effect of this second accident (*see Freese v Maffetone,* 302 AD2d 490, 491 [2003]; *Narducci v McRae,* 298 AD2d 443, 444 [2002]). The reports of Dr. Russ did not relate the plaintiff's condition to the subject accident and were otherwise insufficient to establish an issue of causation. The report of Dr. Gilas failed to quantify the plaintiff's limitations in range of motion and merely noted the existence of disc bulges which, in and of itself, is insufficient to establish a serious injury (*see Guzman v Michael Mgt.,* 266 AD2d 508, 509 [1999]; *Merisca v Alford,* 243 AD2d 613, 614 [1997]; *Giannakis v Paschilidou,* 212 AD2d 502, 503 [1995]).

Accordingly, the plaintiff failed to raise a triable issue of fact in opposition to the defendants' motion for summary judgment (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Thus, the Supreme Court should have granted the defendants' motion. Santucci, J.P., H. Miller, Luciano, Crane and Spolzino, JJ., concur.