▮ TROY LESANE, Appellant, v ANGEL M. TEJADA et al., Respondents. [790 NYS2d 44]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated January 20, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject motor vehicle accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The defendants' medical expert noted in his affirmation that the plaintiff sustained a right ankle fracture and was in a cast for several weeks after the accident. Since Insurance Law § 5102 (d) specifically states that "serious injury means a personal injury which results in . . . a fracture," the defendants failed to establish their entitlement to judgment as a matter of law (*Poma v Ortiz,* 2 AD3d 616 [2003]; *see Smolyar v Krongauz,* 2 AD3d 518 [2003]). Under these circumstances, it is unnecessary to consider whether the plaintiff's opposition was sufficient to raise a question of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]; *see also Chaplin v Taylor,* 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy,* 226 AD2d 437 [1996]).

Accordingly, the Supreme Court erred in granting the

defendants' motion for summary judgment. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.