■ YARON ZOHAR et al., Appellants, v 1014 SIXTH AVENUE REALTY CORP. et al., Respondents. [806 NYS2d 182]—

Judgment, Supreme Court, New York County (Nicholas

Figueroa, J., and a jury), entered May 3, 2004, dismissing the complaint in an action for property damages caused by a fire, brought by a building's residential tenants against the building's owner and a ground-floor commercial tenant, unanimously affirmed, without costs.

We reject plaintiffs' argument that the trial court improperly permitted a defense witness to testify to a legal conclusion (*see Colon v Rent-A-Center*, 276 AD2d 58, 61 [2000]) when it permitted the expert to testify that the Building Code did not require the subject building to have sprinklers. On direct examination, the expert testified that although the current Building Code generally does not apply to older "grandfathered" buildings, the Fire Department could issue a "sprinkler order," but that the expert's investigation revealed that no such order had been issued to the subject building. It was only on cross-examination that testimony concerning particular provisions of the Building Code relating to sprinklers (Administrative Code of City of NY § 27-929 [a]; § 27-954 [y]) was elicited by plaintiffs' attorney, apparently in the hope that the expert would admit their applicability to the subject building. Plaintiffs will not be heard on appeal to challenge evidence that they themselves elicited. We also reject plaintiffs' argument that the expert's testimony was erroneous as a matter of law. In the latter regard, we find that the retroactivity provision does not apply here, because it pertains to *buildings* in the Occupancy C group, not *spaces,* and does not address an unenclosed stairway that joins two different classes of spaces, such as the ground-floor space that the tenant used as a shoe store and the basement-level space that it used for storage. Nor did the trial court, in instructing the jury on this provision at plaintiffs' request and over defendants' objections, give the expert's testimony inappropriate weight by telling the jury that it could take such testimony into account in determining the applicability of the Building Code's sprinkler provision. We note defendant shoe store was under no obligation to install a sprinkler system on its premises.

We also reject plaintiffs' argument that the trial court's redaction of Fire Department reports was reversible error. As it happened, the redactions, primarily consisting of descriptive terminology pertaining to the stairway and basement, such as "very narrow," "maze-like" and "overstocked," were heard by the jury during the testimony of plaintiffs' witnesses, and thereby rendered harmless (*see 1515 Summer St. Corp. v Parikh*, 13 AD3d 305, 306 [2004]). In any event, the redactions were proper. Although a Fire Department report is generally admissible under the business records exception to the hearsay rule

(*see Cohen Bros. Realty v Rosenberg Elec. Contrs.*, 265 AD2d 242, 244 [1999], *lv dismissed* 95 NY2d 791 [2000]), its wholesale admission is unwarranted where, as here, it contains information obtained from persons under no duty to report, such as the statements of the shoe store's employees interviewed by the Fire Department. The trial court also properly precluded the Fire Marshal from testifying as to the cause and origin of the fire, where he conceded that his conclusions in that regard were reached entirely upon hearsay information rather than an independent investigation of physical evidence.

Plaintiffs' remaining arguments are unpreserved and we decline to reach them. Concur—Mazzarelli, J.P., Friedman, Nardelli, Sweeny and McGuire, JJ.