■ ANGELA DUKE, Respondent, v PAUL SAURELIS, Appellant. [840 NYS2d 88]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated November 20, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

The defendant made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d

345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmation of the plaintiff's treating physician was insufficient to raise a triable issue of fact since he failed to adequately quantify the restrictions he found in the plaintiff's cervical and lumbar range of motion at his initial examinations of the plaintiff near the time of the accident (*see Desamour v New York City Tr. Auth.*, 8 AD3d 326 [2004]; *Ocasio v Henry*, 276 AD2d 611 [2000]). The self-serving affidavit of the plaintiff and her deposition testimony were insufficient to show that she sustained a serious injury from the accident since there was insufficient objective medical evidence to show that she sustained a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509 [2006]; *Davis v New York City Tr. Auth.*, 294 AD2d 531 [2002]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). The remaining submissions of the plaintiff were without probative value in opposing the motion since they were unsworn, unaffirmed, or uncertified (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Yakubov v CG Trans Corp., supra*; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]; *see also* CPLR 4518 [c]).

Moreover, the plaintiff failed to raise a triable issue of fact as to her alleged inability to perform substantially all of her daily activities for not less than 90 of the first 180 days following the accident as a result of the accident (*see Sainte-Aime v Ho, supra*). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.