■ JEFFREY KING, Plaintiff, and CHERIE CLARK-KING, Appellant, v ROBIUL ISLAM et al., Respondents. [842 NYS2d 511]—

In an action to recover damages for personal injuries, etc., the plaintiff Cherie Clark-King appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated March 8, 2006, as amended by an order of the same court dated April 11, 2006, as, in effect, upon renewal, adhered to its prior determination in an order dated May 19, 2005, granting those branches of the prior motion of the defendants Robiul Islam and Fren Cab Corp., and the cross motion of the defendant Jun K. Diaz, which were for summary judgment dismissing the complaint insofar as asserted by her against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order dated March 8, 2006, as amended by the order dated April 11, 2006, is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendants made prima facie showings of their entitlement to judgment as a matter of law by demonstrating that the plaintiff Cherie Clark-King (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. In particular, the plaintiff failed to offer any medical evidence, generated at or near the date of her December 29, 1997 accident, documenting her alleged injuries and explaining why they were serious within the meaning of the statute. The only medical evidence she provided was an affirmation of Dr. Arden Kaisman, who detailed his examination of the plaintiff on September 29, 2005. In that affirmation, Dr. Kaisman stated, inter alia, that the plaintiff came under his care in March 1998 after magnetic resonance imaging (hereinafter MRI) examinations of her lumbar and cervical spine revealed disc herniations, and that he saw her on "numerous" occasions in 1998. However, Dr. Kaisman's affirmation, and the rest of the record, is bereft of any objective evidence of the extent of the alleged physical limitations revealed in those 1998 MRI and physical examinations, resulting from

the disc injuries, and their duration (*see Furrs v Griffith,* 43 AD3d 389 [2007]; *Duke v Saurelis,* 41 AD3d 770 [2007]). In addition, no explanation was offered for the approximately seven-year gap in her visits to Dr. Kaisman, from 1998 to September 2005 (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]).

Accordingly, in effect, upon renewal, the Supreme Court correctly adhered to its prior determination in an order dated May 19, 2005, granting those branches of the prior motion of the defendants Robiul Islam and Fren Cab Corp., and the prior cross motion of the defendant Jun K. Diaz, which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff against them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The plaintiff's remaining contentions are either improperly before this Court or without merit. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.