TOMASZ KAMINSKI, Respondent, v KENJI KAWAMOTO, Appellant. [853 NYS2d 588]—

Contrary to the Supreme Court's determination, the defendant met his prima facie burden on his motion for summary judgment by establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Malave v Basikov*, 45 AD3d 539 [2007]). In support of his motion, the defendant relied on the affirmed medical report of a neurologist, who examined the plaintiff. In the medical report, the defendant's neurologist, inter alia, noted numeric range of motion findings concerning the cervical and lumbar regions of the plaintiff's spine. In doing so, he compared those numeric findings to what is normal, thus establishing that the plaintiff had full range of motion in both regions of his spine. He concluded in his report that the plaintiff was not neurologically disabled. The plaintiff testified at his deposition that he missed only two weeks of work as a result of the subject accident.

In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's treating physician failed to do so. Among other things, the plaintiff's physician failed to compare any of her findings on range of motion to what is normal (*see Malave v Basikov*, 45 AD3d 539 [2007]). The plaintiff's affidavit did not raise a triable issue of fact as to whether he sustained a serious injury within the meaning of the no-fault statute as a result of the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Fisher v Williams*, 289 AD2d 288, 289 [2001]).

Finally, the plaintiff failed to submit competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature which prevented him, for 90 of the 180 days following the subject accident, from performing his usual and customary activities (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Prudenti, P.J., Skelos, Miller, Covello and McCarthy, JJ., concur.