■ NICHOLAS FIORILLO, Appellant, v JUAN C. ARRIAZA, Respondent. [859 NYS2d 699]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (LaMarca, J.), entered March 19, 2007, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmed medical report of the plaintiff's treating physician was without probative value in opposing the motion since he improperly relied on the unsworn reports of others in coming to his conclusions (*see Malave v Basikov,* 45 AD3d 539, 540 [2007]; *Verette v Zia,* 44 AD3d 747, 748 [2007]; *Furrs v Griffith,* 43 AD3d 389, 390 [2007]; *see also Friedman v U-Haul Truck Rental,* 216 AD2d 266, 267 [1995]).

Moreover, while the plaintiff's treating physician concluded that the plaintiff sustained significant limitation of use of his left shoulder, the physician failed to set forth what objective tests he performed to arrive at that conclusion (*see Murray v Hartford,* 23 AD3d 629 [2005]; *Nozine v Sav-On Car Rentals,* 15 AD3d 555, 556 [2005]; *Bailey v Ichtchenko,* 11 AD3d 419, 420 [2004]; *Kauderer v Penta,* 261 AD2d 365, 366 [1999]). In fact, no range-of-motion testing of the left shoulder was apparent in his report. To the extent that he noted limitation in the plaintiff's cervical spine range of motion, he merely noted that testing showed "reduced" extension. With the exception of a single instance in which he noted that the plaintiff's cervical extension was limited to 50 degrees on August 18, 2004, he provided no quantified findings (*see Duke v Saurelis,* 41 AD3d 770 [2007]; *Desamour v New York City Tr. Auth.,* 8 AD3d 326 [2004]), nor did he compare his findings to the normal range (*see Malave v Basikov,* 45 AD3d at 540).

In addition, the plaintiff's treating physician did not provide any qualitative assessment of the plaintiff's condition since he failed to compare the plaintiff's limitations in his cervical spine "to the normal function, purpose and use of" that affected region (*Toure v Avis Rent A Car,* 98 NY2d at 350). The physician further failed to relate any of the plaintiff's injuries he noted in his report to the subject accident (*see Itskovich v*

*Lichenstadter,* 2 AD3d 406, 407 [2003]; *Bonner v Hill,* 302 AD2d 544, 545 [2003]). It appears that the finding of "significant limitation" by the plaintiff's treating physician was mere parroting of the statutory language, and thus insufficient to raise a triable issue of fact (*see Picott v Lewis,* 26 AD3d 319, 320 [2006]; *Mastaccioula v Sciarra,* 11 AD3d 434, 435 [2004]; *Giannakis v Paschilidou,* 212 AD2d 502, 503 [1995]). Spolzino, J.P., Ritter, Dillon, Balkin and Leventhal, JJ., concur.