■ ADAM GOCHNOUR et al., Respondents, v PHILIP T. QUAREMBA, Appellant. [871 NYS2d 703]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated October 26, 2007, which denied his motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sandra Gochnour-DeBernardo on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and

the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Sandra Gochnour-DeBernardo on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) is granted.

The defendant met his prima facie burden of showing that the plaintiff Sandra Gochnour-DeBernardo (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff's treating physician indicated, in his affirmation, that he found a limited range of motion in her cervical and lumbar spine when he examined the plaintiff shortly after the accident, he failed to provide any quantified findings to support his assertions (*see Fiorillo v Arriaza,* 52 AD3d 465, 466 [2008]; *Duke v Saurelis,* 41 AD3d 770, 771 [2007]). Moreover, although the physician stated that he had observed bulging discs in the magnetic resonance imaging films and report of the plaintiff's spine, the mere existence of a bulging disc is not conclusive evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Pommells v Perez,* 4 NY3d 566, 574 [2005]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 50 [2005]). Finally, in the absence of any competent medical evidence, the plaintiff's self-serving affidavit was insufficient to demonstrate the existence of a serious injury (*see Duke v Saurelis,* 41 AD3d 770 [2007]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur. [*See* 2007 NY Slip Op 33531(U).]