■ MARLENE FRISCIA, Respondent, v MAK AUTO, INC., et al., Defendants, and MARY J. SCAROLA, Appellant. [873 NYS2d 197]—

In an action to recover damages for personal injuries, the defendant Mary J. Scarola appeals from an order of the Supreme Court, Richmond County (McMahon, J.), dated October 15, 2007, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Mary J. Scarola for summary judgment dismissing the complaint insofar as asserted against her is granted.

The defendant Mary J. Scarola met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345

[2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact. While the plaintiff's treating physician indicated that when he examined the plaintiff shortly after the accident he found a limited range of motion in her cervical and lumbar spine, he failed to provide any quantified findings to support his assertions (*see Fiorillo v Arriaza*, 52 AD3d 465 [2008]; *Duke v Saurelis*, 41 AD3d 770 [2007]). In addition, the plaintiff failed to submit any competent evidence that she had sustained a vertebral fracture as a result of the accident (*cf. Poma v Ortiz*, 2 AD3d 616 [2003]; *Smolyar v Krongauz*, 2 AD3d 518 [2003]). Finally, in the absence of any competent medical evidence, the plaintiff's self-serving deposition testimony was insufficient to demonstrate the existence of a serious injury (*see Duke v Saurelis*, 41 AD3d 770 [2007]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.