■ Adi Sirma et al., Respondents, and Izik Binjamin, Also Known as Binyamin Twito, Respondent-Appellant, v Gervais Beach et al., Appellants-Respondents. [873 NYS2d 702]—

In an action to recover damages for personal injuries, the defendants Nikolaos Topaloglou and Adam Kaous appeal from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated February 27, 2008, as denied those branches of their motion which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Adi Sirma, Barak Ben Shlomo, and Idit Naimi on the ground

that none of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), the defendants Gervais Beach and Donnette Coote separately appeal, as limited by their brief, from so much of the same order as denied those branches of their separate motion which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Adi Sirma and Barak Ben Shlomo on the ground that neither of those plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and the plaintiff Izik Binyamin cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Nikolaos Topaloglou and Adam Kaous which were for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Barak Ben Shlomo and Idit Naimi and that branch of the separate motion of the defendants Gervais Beach and Donnette Coote which was for summary judgment dismissing the complaint insofar as asserted against them by the plaintiff Barak Ben Shlomo and substituting therefor provisions granting those branches of the motion and that branch of the separate motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

In the early morning of December 31, 2005, at the intersection of Broadway and West 96th Street in Manhattan, the four plaintiffs were passengers in a taxi cab owned by the defendant Adam Kaous and operated by the defendant Nikolaos Topaloglou (hereinafter together the taxi defendants), which collided with a motor vehicle owned by the defendant Gervais Beach and operated by the defendant Donnette Coote (hereinafter together the auto defendants). The plaintiffs thereafter commenced the present action to recover damages for personal injuries, with all four plaintiffs alleging various orthopedic injuries, and the plaintiff Idit Naimi also alleging that she had sustained scarring on her nose. After joinder of issue, the taxi defendants moved for summary judgment dismissing the complaint in its entirety insofar as asserted against them, and the auto defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them by the plaintiffs Adi Sirma, Barak Ben Shlomo, and Izik Binyamin. The Supreme Court granted those branches of the motion and cross motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants by Binyamin, but

denied the remaining branches of the motion and cross motion. The taxi defendants appeal from so much of the order as denied those branches óf their motion which were for summary judgment dismissing the complaint insofar as asserted against them by Sirma, Shlomo, and Naimi, and the auto defendants separately appeal from so much of the order as denied those branches of their separate motion which were for summary judgment dismissing the complaint insofar as asserted against them by Sirma and Shlomo. Binyamin cross-appeals from so much of the order as granted those branches of the motion and cross motion which were for summary judgment dismissing the complaint insofar as asserted by him.

The Supreme Court properly denied the branches of the separate motions which were for summary judgment dismissing the complaint insofar as asserted by Sirma. The taxi defendants failed to make a prima facie showing that Sirma did not sustain a serious injury within Insurance Law § 5102 (d). Although the affirmation of the taxi defendants' orthopedist concludes that Sirma was not suffering from an accident-related serious injury, the affirmation discloses that the orthopedist recorded limitations in Sirma's range of motion in his lumbar spine (*see Newberger v Hirsch,* 49 AD3d 700 [2008]; *Tchjevskaia v Chase,* 15 AD3d 389 [2005]). While the auto defendants did make out a prima facie case as to Sirma, the affirmation of the taxi defendants' orthopedist created a question of fact sufficient to preclude a grant of summary judgment.

However, the medical evidence submitted by the taxi defendants and auto defendants in support of their respective motions with respect to Shlomo established, prima facie, that Shlomo did not sustain a serious injury within Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 352 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In opposition, Shlomo failed to raise a triable issue of fact, as the affirmed report of the plaintiffs' expert failed to adequately quantify the restrictions he found in Shlomo's cervical and lumbar range of motion at his initial examination of Shlomo five days after the accident (*see Duke v Saurelis,* 41 AD3d 770 [2007]).

Further, the taxi defendants established, prima facie, that Naimi did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*Toure v Avis Rent A Car Sys.,* 98 NY2d at 352; *Gaddy v Eyler,* 79 NY2d at 956-957). In opposition, Naimi failed to raise a triable issue of fact, as the affirmed report of the plaintiffs' expert failed to adequately quantify the restrictions he found in Naimi's cervical and lumbar range of

motion at his initial examination of Naimi 19 days after the accident (*see Duke v Saurelis,* 41 AD3d 770 [2007]). Moreover, Naimi did not oppose the taxi defendants' prima facie showing that she did not sustain a "significant disfigurement" within the meaning of Insurance Law § 5102 (d) (*cf. Lynch v Iqbal,* 56 AD3d 621 [2008]; *Sirmans v Mannah,* 300 AD2d 465 [2002]).

The cross appeal must be dismissed as abandoned (*see Bibas v Bibas,* 58 AD3d 586 [2009]), as the respondent-appellant does not seek reversal of any portion of the order in his brief. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.