■ June T. Ly, Respondent, v Angela Holloway et al., Appellants. [876 NYS2d 482]—

In an action to recover damages for personal injuries, the defendants Osman A. Mohamedtamim and Tangiz Hacking Corp. appeal, as limited by their brief, from so much of an order

of the Supreme Court, Kings County (Schneier, J.), dated March 28, 2008, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) insofar as asserted against them, and the defendant Angela Holloway separately appeals, as limited by her brief, from so much of the same order as denied her separate motion, in effect, for the same relief.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Osman A. Mohamedtamim and Tangiz Hacking Corp. for summary judgment dismissing the complaint insofar as asserted against them, and the separate motion of the defendant Angela Holloway, in effect, for the same relief, are granted.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating, on the basis of the same submissions, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff relied on, inter alia, an affirmed report of an examining physician, who, based on a recent examination of the plaintiff, indicated that she had limited ranges of motion in her cervical and lumbar spines. It is evident that in arriving at his conclusions, the plaintiff's examining physician relied on records of the plaintiff's treating chiropractor, who performed contemporaneous examinations of the plaintiff, and indicated that he found limited ranges of motion in her cervical and lumbar spines. However, those records were not in proper evidentiary form (*see Casas v Montero*, 48 AD3d 728, 728-729 [2008]). Moreover, the plaintiff's treating chiropractor failed to adequately quantify the restrictions he claimed to have found (*see Sirma v Beach*, 59 AD3d 611 [2009]; *Friscia v Mak Auto, Inc.*, 59 AD3d 492 [2009]; *Gochnour v Quaremba*, 58 AD3d 680 [2009]; *Duke v Saurelis*, 41 AD3d 770, 771 [2007]).

The plaintiff also failed to set forth any competent medical evidence to establish that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her ususal and customary daily activities for 90 of the 180 days following the subject accident (*see Leeber v Ward*, 55 AD3d 563, 564 [2008]; *Furrs v Griffith*, 43 AD3d 389, 390 [2007]). The plaintiff's own deposition testimony

established that she missed, at most, several hours of work as a result of the subject accident. Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.