OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed without costs and defendants’ motion for summary judgment is granted.
Plaintiff commenced this action in Supreme Court, Kings County, to recover damages for personal injuries allegedly sustained in a motor vehicle accident. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). By order entered November 26, 2007, the Supreme Court denied the motion for summary judgment. The action was subsequently transferred to the Civil Court pursuant to CPLR 325 (d). Defendants thereafter filed their notice of appeal in the Civil Court from the November 26, 2007 order.
Although not raised by the parties, a threshold issue concerns the jurisdiction of this court to hear an appeal from an order originally entered in the Supreme Court.
The procedure on removal of an action from the Supreme Court to the Civil Court is governed by CPLR 326 (b), which provides, in material part, that
*30 “ [subsequent proceedings shall be had in the court to which it has been ordered removed as if the action had been originally commenced there and no process, provisional remedy or other proceeding taken in the court from which the action was removed shall be invalid as the result of the removal.”
By virtue of the transfer of the present case pursuant to CPLR 325 (d), the Supreme Court relinquished subject matter jurisdiction to the Civil Court (see CPLR 326 [b]; Graham v New York City Hous. Auth., 224 AD2d 248 [1996]; Strina v Troiano, 119 AD2d 566 [1986]) prior to defendants’ filing of their notice of appeal, which notice, at that juncture, necessarily had to be filed in the Civil Court. When a notice of appeal from an order of the Supreme Court is filed following a transfer to the Civil Court, the order of the Supreme Court is, as a result of CPLR 326 (b), deemed an order of the Civil Court, and appellate review of the order, whether upon direct appeal as in the case at bar, or upon an appeal from a subsequently entered judgment bringing the order up for review, is properly had in the Appellate Term (see Delgatto v City of New York, NYLJ, Mar. 7, 1990, at 26, col 2 [App Term, 2d & 11th Jud Dists]; see also Mears v Chrysler Fin. Corp., 243 AD2d 270, 271 [1997] [“One consequence of removal is that the action becomes, for all intents and purposes, one commenced in (the transferee court)”]; 21 CJS, Courts § 272 [following a transfer, all of the “transferor court’s rulings become, in effect, rulings of the transferee court”]; cf. e.g. Priel v Linarello, 7 Misc 3d 64 [App Term, 2d & 11th Jud Dists 2005], affd 44 AD 3d 835 [2007] [review of the transfer order itself is by the Appellate Division]).
Turning to the merits, defendants met their prima facie burden of showing that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, plaintiff failed to raise a triable issue of fact. Plaintiffs treating chiropractor failed to set forth any numerical values for range of motion restrictions which he claimed to have found in plaintiffs cervical and lumbar spine during his examinations of plaintiff (see Sirma v Beach, 59 AD3d 611 [2009]; Duke v Saurelis, 41 AD3d 770 [2007]). In the absence of competent medical evidence, plaintiff’s self-serving affidavit was insufficient to demonstrate the existence of a serious injury (see Gochnour v Quaremba, 58 AD3d 680 [2009]; Uribe-Zapata v Capallan, 54 *31 AD3d 936 [2008]). Accordingly, defendants’ motion for summary judgment should have been granted.
Golia, J.E, Pesce and Rios, JJ., concur.