OPINION OF THE COURT
Memorandum.
Ordered that the amended order and judgment are affirmed, without costs.
On January 24, 1998, plaintiff, an employee of EMO Mechanical Corp. (EMO), was working in the basement of defendants Pizza-Del, Inc., doing business as Eurostar Café and Pizza-Del and 45th Street Bake Corp., doing business as Eurostar Café (collectively Pizza-Del), using what he knew to be a highly flammable glue to affix aluminum panels to a wooden frame that was to house a commercial refrigerator-freezer. Pizza-Del leased the subject premises from the owner of the building, defendant Madison 45 Company (Madison), and had hired EMO to, among other things, affix the panels and install the refrigerator-freezer. EMO supplied the glue. Minutes after the bucket containing the glue was opened, a fire started in the basement, and plaintiff was injured.
Plaintiff commenced this action against, among others, Madison and Pizza-Del in the Supreme Court, Kings County, asserting causes of action alleging violations of Labor Law §§ 200, 240 (1) and 241 (6), and based on common-law negligence. In an amended order dated April 15, 2005, the Supreme Court, Kings County (Martin Schneier, J.), among other things, granted the branches of a motion by Madison seeking summary judgment *9 dismissing, insofar as asserted against it, so much of the complaint as sought to recover upon plaintiff’s Labor Law §§ 200 and 240 (1) and common-law negligénce causes of action. Plaintiff did not appeal from that order. The action was subsequently transferred to the Civil Court pursuant to CPLR 325 (d).
At a jury trial, plaintiff testified that, shortly after his immediate supervisor had opened the bucket of glue, a flash fire had started. The walls of the basement, and boxes and plastic stored therein, ignited. He escaped from the basement via a stairway. Plaintiff also claimed that the basement contained a large amount of garbage. Plaintiff further testified that garbage, and a table that had fallen near the stairway, had impeded his egress from the basement. However, the Civil Court sustained an objection to that testimony.
An expert witness called by plaintiff testified that the absence of ventilation in the basement had caused the fire. The witness testified, in effect, that, had the basement been properly ventilated, vapors emanating from the glue would not have ignited. Plaintiff also sought to call as an expert a retired New York City fire marshal, who had investigated the fire pursuant to Penal Law § 265.26 and was prepared to testify regarding the cause and origin of the fire. The Civil Court precluded that witness from testifying.
Plaintiff also introduced testimony from excerpts of several depositions indicating that Pizza-Del’s principal had previously hired EMO to perform the identical work — the installation of a commercial refrigerator-freezer, including affixing aluminum panels to a wooden frame — for another establishment he owned. In addition, Pizza-Del’s principal and the owner of EMO had a conversation in the premises on the day of the incident, before the fire started. There was no testimony as to the subject matter of the conversation. Furthermore, Pizza-Del’s principal testified that there was a water heater in the basement, which supplied hot water to the restaurant. He believed the water heater was operated with natural gas.
During the trial, the Civil Court sustained an objection, preventing plaintiff from reading to the jury certain questions and answers from the deposition of an employee of the building’s management company, regarding whether routine inspections were performed of the premises leased by Pizza-Del from Madison.
After all sides had rested, the Civil Court determined that it would not charge the jury with respect to any alleged violations *10 of Labor Law § 241 (6). As a result, the Civil Court, among other things, granted Madison’s motion for judgment as a matter of law on the remaining cause of action, and dismissed the remainder of the complaint insofar as asserted against Madison. The jury rendered a verdict finding Pizza-Del negligent and that its negligence was a substantial factor in causing the accident. The jury also found that plaintiff was negligent, but that his negligence was not a substantial factor in causing the accident. The jury apportioned 100% of fault in the happening of the accident to Pizza-Del.
Pizza-Del then moved, pursuant to CPLR 4404 (a), to set aside the verdict as a matter of law and to dismiss the complaint insofar as asserted against it. In an amended decision and order entered April 29, 2010, the Civil Court granted the motion (26 Misc 3d 1227[A], 2010 NY Slip Op 50280[U] [2010]). The court determined that Pizza-Del did not know nor should it have known of a dangerous condition based on the use of the flammable glue, and that the work performed by plaintiff was not inherently dangerous. The court further indicated that the storage of garbage in the basement and/or the failure to have a ventilation system were not, in and of themselves, unsafe or dangerous conditions.
Madison’s assertion that the 2005 order of the Supreme Court, Kings County, which, among other things, granted the branches of Madison’s motion seeking summary judgment dismissing, insofar as asserted against Madison, plaintiffs Labor Law §§ 200 and 240 (1) and common-law negligence causes of action, constitutes the law of the case and is not reviewable on appeal, is without merit. Plaintiffs appeal from the judgment brings up for review the Supreme Court’s order (see CPLR 5501 [a] [1]), and this court is authorized to review the order, which is deemed an order of the Civil Court (see CPLR 326 [b]), upon an appeal from the judgment (see Pollack v Anh Thanh Pham, 27 Misc 3d 28 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; Delgatto v City of New York, NYLJ, Mar. 7, 1990 at 26 [App Term, 2d Dept, 2d & 11th Jud Dists]). Consequently, there is no bar to this court’s review of the order.
No evidence was presented that Madison exercised control or authority over Pizza-Del’s day-to-day operations. Moreover, there was no evidence that Madison was contractually obligated under its lease with Pizza-Del to make repairs to, or to maintain, the subject premises, or that Madison had a contractual right under the lease to reenter, inspect, and/or make needed repairs *11 involving a significant structural or design defect that is contrary to a specific statutory provision. Thus, Madison was not subject to liability under Labor Law § 200 or under a common-law negligence theory (see Panico v Jiffy Lube Intl., Inc., 86 AD3d 553 [2011]; Valenti v 400 Carlls Path Realty Corp., 52 AD3d 696, 697 [2008]; Reyes v Morton Williams Associated Supermarkets, Inc., 50 AD3d 496, 497 [2008]; Vasquez v The Rector, 40 AD3d 265, 266 [2007]).
With respect to the amended order granting the motion by Pizza-Del, pursuant to CPLR 4404 (a), to set aside the jury verdict on the issue of liability and to dismiss the complaint insofar as asserted against that defendant, a court may set aside a jury verdict pursuant to CPLR 4404 (a) on the ground of insufficient evidence only if there is “no valid line of reasoning and permissible inferences” by which the jury could have rationally reached its determination based on the evidence presented at the trial (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; see Szczerbiak v Pilot, 90 NY2d 553, 556 [1997]; Geary v Church of St. Thomas Aquinas, 98 AD3d 646 [2012]). Here, there was no valid line of reasoning and permissible inferences by which the jury could have rationally determined that Pizza-Del was responsible for plaintiffs injuries.
While the parties and the Civil Court treated this case as one involving an alleged dangerous or defective condition, in fact, this case involves the means and manner in which the work was performed (see Slikas v Cyclone Realty, LLC, 78 AD3d 144, 147 [2010]; Chowdhury v Rodriguez, 57 AD3d 121, 128 [2008]; Ortega v Puccia, 57 AD3d 54, 61 [2008]). In a “manner of the work” or “methods and means” case, a defendant may be found liable only if it exercises supervision and control over the plaintiffs work (see LaRosa v Internap Network Servs. Corp., 83 AD3d 905 [2011]; Ortega v Puccia, 57 AD3d at 60-63). The duty of an owner or a lessee to provide a safe workplace does not extend to injuries caused by a defect in a contractor’s own methods or through the negligent acts of a contractor as a detail of the work (see Schwind v Mel Lany Constr. Mgt. Corp., 95 AD3d 1196, 1197 [2012]; Kelly v Bruno & Son, 190 AD2d 777, 778 [1993]; Rimoldi v Schanzer, 147 AD2d 541, 546 [1989]).
In this case, the glue was provided to plaintiff by his employer. Plaintiffs claim that Pizza-Del, through its principal, knew that the work required the use of flammable glue, is based on speculation that Pizza-Del’s principal was told how the work was to be done or informed EMO how it should be done, either *12 when EMO had previously performed similar work for Pizza-Del’s principal at another site, or on the day of the incident. There was no testimony regarding the details of the conversation between Pizza-Del’s principal and EMO’s owner, and there is no evidence other than the fact that the conversation took place. No evidence was presented that Pizza-Del had the right to supervise and control plaintiffs work. Thus, “plaintiff was injured, not by a dangerous condition, but by the methods or materials of his work” (Fiallos v Vin’s Crown Realty Assoc., 70 AD3d 630, 630 [2010]; see Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 477 [2011]; Duarte v State of New York, 57 AD3d 715, 716 [2008]). Accordingly, the jury’s verdict was correctly set aside.
Even if this were a “dangerous condition” case, the Civil Court correctly set aside the jury’s verdict and dismissed the complaint insofar as asserted against Pizza-Del. While it is undisputed that the basement where the fire occurred was not ventilated, plaintiff presented no evidence that Pizza-Del had actual or constructive notice that the work required the use of flammable glue. Plaintiff relies on the facts that Pizza-Del’s principal hired EMO to perform the same type of work in a basement of another establishment he owned sometime before the date of the fire; that he believed that a hot water heater in the basement was operated with natural gas; and that he had a conversation with EMO’s owner on the date of the fire, before plaintiff had commenced working. He claims that the jury could have inferred from the foregoing facts that Pizza-Del had actual or constructive notice of a dangerous condition in the basement.
Had the jury made such an inference in finding in favor of plaintiff, it would have engaged in impermissible speculation that Pizza-Del’s principal was aware of the nature and details of how the work was to be done (see Gomez v Casiglia, 67 AD3d 965, 966 [2009]; Vergara v Scripps Howard, 261 AD2d 302 [1999]). To establish liability in a “dangerous condition” case, a plaintiff must prove that the condition existed and the defendant either “affirmatively created the condition or had actual or constructive notice of its existence” (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560 [2005]; see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]).
EMO was responsible to ensure that plaintiff could safely use the flammable glue. The evidence that Pizza-Del had actual or constructive notice of a dangerous condition was legally insufficient to support a verdict in plaintiffs favor against Pizza-Del *13 on the issue of liability. The excerpts of the deposition of Pizza-Del’s principal that were read to the jury contained no questions or answers regarding Pizza-Del’s principal’s knowledge of how the work was to be done or the substance of the conversation he had with EMO’s owner on the date of the fire. Consequently, there was insufficient evidence that Pizza-Del had either created, or had actual or constructive notice of, a dangerous condition in the basement of its premises. Plaintiffs contention that the Civil Court improperly prohibited EMO’s owner from testifying that Pizza-Del’s principal told him on the date of the fire that the job required the use of flammable glue is not supported by the record. Instead, plaintiff argued that EMO’s owner would “testify to possible admissions” by Pizza-Del’s owner and employees, without specifying what those admissions might be.
Plaintiff alternatively argues that the jury verdict was supported by evidence that the basement was full of debris, including a table, boxes, plastic, and a large amount of garbage, which allegedly impeded his exit from the basement after the fire started. That claim is without merit. An accumulation of debris on property where construction is being performed may, in some cases, constitute a defective premises condition, requiring a determination whether the defendant created the condition or had actual or constructive notice of it (see Cody v State of New York, 82 AD3d 925, 926 [2011]; see also Ruane v Allen-Stevenson School, 82 AD3d 615 [2011]; Nankervis v Long Is. Univ., 78 AD3d 799 [2010]; Harkin v City of New York, 69 AD3d 901 [2010]; Aguilera v Pistilli Constr. & Dev. Corp., 63 AD3d 763, 764 [2009]). Here, plaintiff testified that boxes, plastic, and a wall in the basement caught on fire. The basement filled with black smoke. When he arrived at the base of the stairs leading out of the basement, it was difficult “because everything had ignited and the boxes were starting to ignite” and he “was falling in the middle of the room.” At that point, plaintiff had not testified that garbage or other debris may have affected his ability to exit the basement. Plaintiff then testified that he tried to push away garbage next to him when the fire started, as well as a table that fell at the base of the stairs. However, an objection to that testimony was sustained by the Civil Court. Other than that testimony, there was no evidence that garbage or debris had impeded plaintiff from exiting the basement. Plaintiff s immediate supervisor had testified at his deposition that much of the garbage was located in other areas of the basement. Thus, plaintiffs claim that the evidence was sufficient to support an *14 alternative theory of liability based on a dangerous condition, i.e., debris impeding his exit from the basement, is without merit.
Plaintiff’s claim that Pizza-Del may be liable, notwithstanding that EMO was an independent contractor, based on the “inherently dangerous” exception to the independent contractor rule (see Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 380-381 [1995]; Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]; Fernandez v 707, Inc., 85 AD3d 539, 540 [2011]) is also without merit. Affixing aluminum panels to a wooden frame in preparation for the installation of a commercial refrigerator-freezer does not constitute inherently dangerous work (see Liberty Mut. Fire Ins. Co. v Akindele, 65 AD3d 673, 674 [2009]; Klein v Beta I LLC, 10 AD3d 509, 510 [2004]; Saini v Tonju Assoc., 299 AD2d 244 [2002]; MacDonald v Heuer, 253 AD2d 795, 796 [1998]; Waite v American Airlines, Inc., 73 F Supp 2d 349, 357 [SD NY 1999]; cf. Flaherty v Fox House Condominium, 299 AD2d 448, 449 [2002]; Beck v Woodward Affiliates, 226 AD2d 328 [1996]; Montano v O’Connell, 186 AD2d 461, 462 [1992]).
Plaintiffs contention that the jury’s verdict may be sustained on the ground that Pizza-Del had a nondelegable duty to keep the subject premises safe for plaintiff is similarly without merit
(see Nostrom v A.W. Chesterton Co., 15 NY3d 502, 507-509
[2010]; Comes v New York State Elec. & Gas Corp., 82 NY2d
876, 877 [1993]; Kleeman v Rheingold, 81 NY2d 270, 275 [1993];
Russin v Louis N. Picciano & Son, 54 NY2d 311, 317 [1981];
Hosmer v Kubricky Constr. Corp., 88 AD3d 1234, 1235 [2011];
D’Elia v City of New York, 81 AD3d 682, 683 [2011]; Rosenberg
v Eternal Mems., 291 AD2d 391, 391-392 [2002]; Houde v Bar-
ton, 202 AD2d 890, 891 [1994]).
We further find that the Civil Court did not improvidently exercise its discretion in prohibiting a retired New York City fire marshal from testifying as an expert on plaintiffs behalf (see Bergamaschi v Gargano, 293 AD2d 695, 696 [2002]; Clemons v Vanderpool, 289 AD2d 1078, 1079 [2001]). Plaintiffs offer of proof indicated that the witness’s opinion regarding the cause and origin of the fire would have been speculative and based entirely on hearsay information (see Zohar v 1014 Sixth Ave. Realty Corp., 24 AD3d 125, 127 [2005]).
Plaintiffs remaining contentions are without merit.
Pesce, EJ., Weston and Solomon, JJ., concur.