Sanchez v L.R.S. Cab Corp. (2019 NY Slip Op 00921)





Sanchez v L.R.S. Cab Corp.


2019 NY Slip Op 00921


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-05292
 (Index No. 9584/13)

[*1]Kim Sanchez, appellant, et al., plaintiff,
v
L.R.S. Cab Corp., et al., respondents.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Filip L. Tiffenberg, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Kim Sanchez appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated March 1, 2017. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Kim Sanchez on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action to recover damages for personal injuries that they each allegedly sustained in a motor vehicle accident on August 24, 2011. The defendants moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Kim Sanchez (hereinafter the appellant) on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion.
The defendants met their prima facie burden of showing that the appellant did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the lumbar region of the appellant's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614).
In opposition, the appellant failed to raise a triable issue of fact. The affirmed report of the appellant's neurologist was insufficient to raise a triable issue of fact, as it failed to expressly compare the appellant's range of motion to a normal range of motion, and it failed to provide any qualitative assessment of the appellant's condition (see Toure v Avis Rent A Car Sys., 98 NY2d at 350; Fiorillo v Arriaza, 52 AD3d 465, 466-467; Kaminski v Kawamoto, 49 AD3d 501, 502).
Accordingly, we agree with the Supreme Court's determination to grant the [*2]defendants' motion for summary judgment dismissing the complaint insofar as asserted by the appellant.
SCHEINKMAN, P.J., MASTRO, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court