Jay C. Carlisle II v Garcia (2020 NY Slip Op 05180)





Jay C. Carlisle II v Garcia


2020 NY Slip Op 05180


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-14823
 (Index No. 63787/17)

[*1]Jay C. Carlisle, appellant,
v
Roan Micalea Garcia, respondent.


The Greenberg Law Firm, LLP, Purchase, NY (Rebecca Greenberg of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Raychel Camilleri of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated November 28, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
On April 6, 2017, the plaintiff, a pedestrian, was struck by a vehicle operated by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff's left foot did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, the plaintiff failed to raise a triable issue of fact (see Fiorillo v Arriaza, 52 AD3d 465, 466; see generally Toure v Avis Rent A Car Sys., 98 NY2d at 350).
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court